El Pueblo de Puerto Rico, apelado, *v.* Pueblo Internacional, Inc. h/n/c Pueblo Supermarkets, Inc., apelante.

*Número:* CR-77-28    *Resuelto:* 20 de septiembre de 1977

*Eduardo Morales Coll,* abogado de Pueblo Supermarkets, Inc.; *Miguel Giménez Muñoz, Secretario de Justicia, Ralph T. Skelly González, Secretario Auxiliar de Justicia* y *Pedro Lugo Frank, Fiscal Especial, Oficina de Asuntos Monopolísticos,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

El apelante Pueblo International, Inc., en unión a otras dos entidades corporativas, fue acusado de haber conspirado desde febrero de 1970 hasta mayo de 1973 para mantener y fijar irrazonablemente los precios al detal de arroz en el mercado puertorriqueño en contravención al Art. 2 de la Ley de Monopolios de 1964 (10 L.P.R.A. sec. 258). Hizo alegación de "nolo contendere" y fue condenado inicialmente a satisfacer una multa de $40,000.00. Formuló una moción de reconsideración bajo la Regla 185 de Procedimiento Criminal solicitando la reducción de la sentencia. Tras varios incidentes y vista, presentó memorando sobre atenuantes conjuntamente con una declaración jurada alegando, entre otros fundamentos, que la sanción impuesta sobrepasaba el límite permitido por la ley vigente al momento de ocurrir los hechos. En su réplica, el Ministerio Público aceptó que la multa excedía el máximo de $25,000.00 autorizado en la ley aplicable. No conforme, radicó "Moción Bajo la Regla 168" argumentando la defensa de prescripción bajo el nuevo Código Penal (Ley Núm. 115 del 22 de julio de 1974; 33 L.P.R.A. sec. 3001 *et seq.*), en vigor desde el día 22 de enero de 1975. [1] En la

---

[1] Las disposiciones invocadas fueron las siguientes:

"Régimen de las leyes penales especiales

"Las disposiciones de este Subtítulo se aplicarán también a los hechos previstos por las leyes penales especiales.

"Si la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, se aplicará la ley especial

fecha fijada para la discusión de las mociones pendientes las mismas no fueron ventiladas ya que el juez que había dictado sentencia no estaba disponible en sala, concediendo el magistrado suplente plazo para que las partes radicasen alegatos adicionales en apoyo de sus respectivas contenciones. Antes de transcurrido el término, el tribunal dictó sentencia rebajando la pena de multa a la suma de $20,000.00.

Entabló el presente recurso discutiendo los siguientes dos apuntamientos:

"Erró el Tribunal de Instancia por voz del Honorable Juez Fernando Grajales Rodríguez al dictar la sentencia reconsiderada el día 28 de diciembre de 1976 sin antes haber resuelto la moción para que no se dicte sentencia radicada por la aquí apelante el día 13 de noviembre de 1975, ello en violación a lo dispuesto por la Regla 162 de las de Procedimiento Criminal (34 L.P.R.A. Ap. II 162)."

"Erró el Tribunal de Instancia por voz del Honorable Juez Fernando Grajales Rodríguez al dictar la sentencia reconsiderada el día 28 de diciembre de 1976 antes de vencerse el término de la aquí apelante para radicar su alegato en apoyo de su Moción Para Que No Se Dicte Sentencia, todo ello en violación a la estipulación acordada por las partes y aprobada por el Tribunal y en violación al derecho de la aquí apelante a demostrar que existe causa para que no se dicte sentencia, cuyo derecho le es concedido por la Regla 168 de las de Procedimiento Criminal (34 L.P.R.A. Ap. II 168)."

No es necesario analizar en sus méritos los errores señalados ya que ante la alegación de "nolo contendere", el ve-

---

en cuanto no se establezca lo contrario." (33 L.P.R.A. sec. 3005.)

"Prescripción

"La acción penal prescribirá:

(a)   .      .      .      .      .      .      .      .

(b) Al año en los delitos menos graves, salvo los provenientes de infracciones a las leyes fiscales y a la sec. 4365 de este título sobre Omisión en el cumplimiento del Deber y la sec. 4366 sobre Negligencia en el cumplimiento del Deber que prescribirán a los cuatro años." (33 L.P.R.A. sec. 3412.)

hículo apelativo adecuado era el recurso de *certiorari* a ser presentado en nuestra secretaría y no el de apelación.

La alegación de "nolo contendere", [2] cuyos orígenes se remontan al derecho consuetudinario inglés del siglo XIV, en su peregrinaje histórico pasó a formar parte del derecho común en los Estados Unidos y con el tiempo objeto de reconocimiento legislativo en diversos estados; en el ámbito federal las Reglas de Procedimiento Criminal vigentes la consignan como alegación permisible. Note, 33 Neb. L. Rev. 428 (1954). En nuestro ordenamiento procesal penal, la misma tuvo una génesis limitada y modesta al ser incorporada en la Ley de Monopolios a través de la Núm. 61 de 31 de mayo de 1972 (10 L.P.R.A. sec. 276). El *Informe de la Comisión de lo Judicial de la Cámara de Representantes* refleja el trasfondo, concepción y alcance de la medida:

"El P. de la C. 1339 permite que cualquier persona acusada por el Estado por razón de actos o intentos prohibidos por los Artículos 2, 4, 7 (f) y 8, de la Ley núm. 77 de 25 de junio de 1964, según enmendada, que prohíbe los monopolios en Puerto Rico, pueda interponer la alegación de 'nolo contendere' en el Tribunal Superior de Puerto Rico.

El Artículo 502 (Criminal Law 21 Am. Jur. 2nd—) define la alegación de 'nolo contendere' de la siguiente manera:

'La diferencia entre una alegación de 'nolo contendere' y una de culpabilidad es que una alegación de culpabilidad puede utilizarse en otros procedimientos o acciones contra el acusado, mientras que una alegación de 'nolo contendere' solamente puede esgrimirse contra el acusado en el mismo caso en que este haga dicha alegación. La acción de 'nolo contendere' no podrá utilizarse como admisión de culpabilidad en cualquier acción civil o criminal que surja de los mismos hechos que dieron lugar a la acusación.' (Traducción nuestra.)

---

[2] Para una excelente exposición de la materia y su posible ampliación a nuestras reglas, consúltese: *Informe de la Comisión para el Estudio de la Fiscalía y Representación Legal del Estado* sometido en 9 de octubre de 1974 al Consejo sobre la Reforma de la Justicia en Puerto Rico, págs. 403–419.

Actualmente, tal y como están redactadas las Reglas de Procedimiento Criminal de 1963 y la Ley núm. 77 de 25 de junio de 1964, no se permite la interposición de una alegación de 'nolo contendere'. No obstante, en la jurisdicción federal esta alegación está permitida por las Reglas 11 y 12 de las Reglas Federales de Procedimiento Criminal.

. . . . . . . . .

Siendo la alegación de 'nolo contendere' la más utilizada en las acciones criminales basadas en la legislación monopolística federal, consideramos que resultaría provechoso obtener el beneficio de la misma para las gestiones litigiosas de esta naturaleza radicadas por el Departamento de Justicia a tenor con las disposiciones criminales de nuestra Ley núm. 77. De este modo, podría conseguirse una más eficaz implementación de dicha ley, logrando así la más equitativa y efectiva administración de la política económica competitiva de nuestro gobierno." 26 *Diario de Sesiones*, 318 (1972).

El texto finalmente aprobado reza:

"Toda persona acusada por el Estado Libre Asociado de Puerto Rico por razón de actos e intentos de actos prohibidos por los Artículos 2, 4, 7(f) y 8 de la Ley Núm. 77 de 25 de junio de 1964, que es la Ley Antimonopolística de Puerto Rico, secs. 258, 260, 263(f) y 264 de este título podrá interponer la alegación de Nolo Contendere en el Tribunal Superior de Puerto Rico. Dicha alegación no podrá utilizarse como evidencia prima facie en acciones de triple daño basadas en los incisos (a) y (b) de la sección 268 de este título. *Estas acciones se regirán en todos sus demás aspectos por las Reglas de Procedimiento Criminal.*" (Subrayado nuestro.)

Del historial legislativo y de los términos de la ley vigente, podemos concluir: la alegación de "nolo contendere" fue admitida por excepción a nuestro procedimiento criminal en casos de monopolio; comparada con una alegación de *culpabilidad* la única diferencia que se contempló fue que la alegación de "nolo contendere" no sería admisible en cualquier acción civil o criminal ulterior basada en los mismos hechos que motivaron la acusación; las reglas federales sirvieron como modelo y; se dispuso taxativamente que los restantes aspectos

de las causas criminales por infracción a la Ley de Monopolios fueran solventadas al amparo de nuestras Reglas de Procedimiento Criminal existentes.

Esta concepción legislativa sobre la característica esencial de una alegación de "nolo contendere", en contraposición a una de *culpabilidad,* encuentra apoyo casi unánime en los tratadistas y decisiones judiciales. Se considera que equivale a una admisión tácita de culpabilidad para fines del caso en particular: *Qureshi* v. *Immigration & N.S., Dept. of J. of United States,* 519 F.2d 1174 (1975); *United States* v. *Gallagher,* 94 F.Supp. 640 (1950); *United Brotherhood of Carpenters & Joiners* v. *United States,* 330 U.S. 395 (1947). Orfield, en su reputada obra *Criminal Procedure Under the Federal Rules,* la distingue de la alegación de culpabilidad destacando que su propósito primordial es evitar sanciones civiles y responsabilidades que de otra forma pudieren surgir como resultado de tal alegación de culpabilidad. (Vol. 2, pág. 76.) Otro autor de igual renombre, concluye que mediante dicha alegación un acusado renuncia a todas las defensas no jurisdiccionales. Moore, *Federal Practice, Rules of Criminal Procedure,* Vol. 8, pág. 11-33 y ss.

El trasfondo expuesto unido a la norma de que ante una alegación de culpabilidad solamente procede el recurso de *certiorari,* a ser librado discrecionalmente por este Tribunal [3] —a los fines limitados de examinar las defensas dirigidas a atacar la suficiencia de la acusación y la jurisdicción del tribunal—nos lleva a resolver: (1) salvo la inadmisibi-

---

[3] La Regla 193 dispone: "Las sentencias finales dictadas en casos criminales originados en el Tribunal Superior y en juicios de novo ante el Tribunal Superior, podrán ser apeladas por el acusado en la forma prescrita por estas reglas. En estos casos el acusado podrá establecer una apelación para ante el Tribunal Supremo, excepto en los casos *de convicción por alegación de culpabilidad, en los cuales procederá únicamente un recurso de certiorari, a ser librado por el Tribunal Supremo a su discreción.* La solicitud de *certiorari* deberá presentarse dentro de los treinta días siguientes a la fecha en que la sentencia fue dictada." (Subrayado nuestro.)

lidad de la alegación de "nolo contendere" en procesos ulteriores, no existe diferencia sustantiva([4]) con la alegación de culpabilidad; y (2) el caso llegó ante nos mediante el recurso impermisible de apelación pues solamente procedía una solicitud de *certiorari*.

Apreciados en esta última perspectiva los errores señalados, los estimamos carentes de méritos. Debe recordarse que a través de una alegación de culpabilidad y por analogía de "nolo contendere", se renuncian todas las defensas excepto aquellas jurisdiccionales; la prescripción no es una de carácter jurisdiccional, y por ende no es susceptible([5]) de ser levantada por *certiorari*. El no estar conforme con la multa de $20,000.00 impuesta no es motivo suficiente para que intervengamos discrecionalmente con el discernimiento de la ilustrada sala sentenciadora. El apelante con su acción concertada contribuyó a una crisis real del arroz en el mercado puertorriqueño. Las constancias en autos demuestran que el tribunal de origen tenía bases suficientes para emitir la sentencia dictada el 28 de diciembre de 1976 y que los escritos previamente radicados por las partes contenían todas las cuestiones necesarias. No se causó perjuicio alguno.

*Se dictará Sentencia desestimando por falta de jurisdicción la apelación interpuesta. Considerado el recurso como un certiorari, no ha lugar por inmeritorio.*

El Juez Asociado Señor Rigau no intervino.

---

([4]) Se señalan también las siguientes distinciones: "evitar un juicio largo y costoso y una publicidad adversa en caso de convicción, o para proteger al ciudadano respetable que puede verse envuelto en una violación técnica de alguna ley." *Informe de la Comisión para el Estudio de la Fiscalía y Representación Legal del Estado*, supra, 406.

([5]) Moore, *Rules of Criminal Procedure*, op. cit., pág. 11-33 y ss. *United States* v. *Doyle*, 398 F.2d 715 (1965); *cert. den.*, 382 U.S. 843.