# 95 DTA 49

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA**

EL PUEBLO DE PUERTO RICO
Apelado

v.

GILBERTO VALENTIN OLIVENCIA
Apelante

Núm. KLAN-95-00361

San Juan, Puerto Rico, a 11 de abril de 1995

Panel integrado por su presidente, Juez Brau Ramírez,
y los Jueces Colón Birriel y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se recurre, mediante recurso de apelación, de una sentencia dictada el 3 de abril de 1995 por el Tribunal de Primera Instancia, Subsección de Distrito, Las Marías, condenando al apelante Gilberto Valentín Olivencia a diez (10) términos consecutivos de seis (6) meses de prisión por sendos cargos de agresión agravada, 33 L.P.R.A. sec. 4032.

Según se desprende del recurso, el apelante fue denunciado por violación al artículo 105 del Código Penal, 33 L.P.R.A. secs. 4067, por actos lascivos. Celebrada la vista preliminar, los cargos fueron reducidos a agresión agravada en su modalidad menos grave. El apelante, ante el anuncio· del Ministerio Público de que habría de acudirse en alzada de la vista

preliminar, optó por hacer un pre-acuerdo para declararse culpable de los cargos imputados. El apelante alega que el Ministerio Público acordó, además, recomendar que se condenara al apelante a una multa total de $1,500.00. El Tribunal de Instancia, sin embargo, impuso la pena máxima de cárcel en todos los cargos.

Junto con su recurso, el apelante ha presentado una Moción Informativa y en Auxilio de Jurisdicción. En la misma refiere que presentó una solicitud de reconsideración ante el Tribunal de Primera Instancia el 6 de abril de 1995, la cual está pendiente de resolución. El apelante, no obstante, nos solicita que asumamos jurisdicción en este caso. También solicita su excarcelación.

A tenor con la Regla 14(A) del Reglamento del Tribunal de Circuito de Apelaciones, el recurso de apelación debe formalizarse *"conforme a las disposiciones pertinentes de las Reglas de Procedimiento Criminal"*. La Regla 216(b) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 216, que gobierna el procedimiento de apelación de sentencias emitidas por el Tribunal de Distrito, establece que *"[s]i se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución"*. El presente recurso, de este modo, resulta ser prematuro.

De todos modos, observamos que, habiendo mediado una alegación preacordada, el vehículo apropiado para recurrir de la determinación del foro de instancia es el *certiorari*, no la apelación. Cf. 34 L.P.R.A. Ap. II, R. 193; *Pueblo v. Pueblo International*, 106 D.P.R. 202, 208 (1977); *Pueblo v. Rodríguez González*, KLCE-95-00098 (sentencia del 7 de abril de 1995)▆ Toda vez que, conforme al artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, la presentación de una moción de reconsideración produce en cuanto al término para solicitar un *certiorari* el mismo efecto previsto para los recursos de Apelación, el defecto antes señalado también impediría que considerásemos el recurso presentado por el apelante como un recurso de *certiorari*.

Por los fundamentos expresados, se ordena la desestimación del recurso, por prematuro. La solicitud de excarcelación podrá ser dirigida en primera instancia, al Tribunal recurrido.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIO 95 DTA 49

**1.** Los requisitos para la presentación de un *certiorari* ante este Tribunal son los establecidos por la Regla 19 del Reglamento del Tribunal de Circuito de Apelaciones.