EL PUEBLO DE PUERTO RICO, recurrido, *v.* LOURDES ORTIZ DELGADO, acusada y peticionaria.

Número: CE-90-464       Resuelto: 27 de junio de 1990

*Juan De Jesús Vélez Rodríguez,* abogado de la peticionaria; *Jorge E. Pérez Díaz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

Contra la peticionaria Lourdes Ortiz Delgado el Ministerio Fiscal radicó un pliego acusatorio ante el Tribunal Superior de Puerto Rico, Sala de Ponce, mediante el cual le imputó *dos (2) cargos* por violación a las disposiciones del *Art. 401* de la Ley de Sustancias Controladas de Puerto Rico (Ley de Sustancias Controladas), 24 L.P.R.A. sec. 2401, esto es, haber *poseído con la intención de distribuir* —actuando en concierto y de común acuerdo con otras tres personas— las sustancias controladas conocidas como cocaína y marihuana. En adición, se radicó un segundo pliego acusatorio contra la referida peticionaria —bajo la

misma alegación de concierto y común acuerdo— por una supuesta infracción al Art. 6 de la Ley de Armas de Puerto Rico (Ley de Armas), 25 L.P.R.A. sec. 416. La evidencia objeto de dichas acusaciones —esto es, la cocaína, la marihuana y el arma de fuego— fue ocupada en un allanamiento que agentes del orden público realizaron en la residencia donde vivía la peticionaria con su esposo —un veterano incapacitado—([1]) en la Urbanización Valle Sereno, Yauco, Puerto Rico.

Al ser llamados los casos para la celebración del juicio en su fondo —y conforme surge de la "minuta" que resume los procedimientos acaecidos el 12 de marzo de 1990 ante el tribunal de instancia— la peticionaria renunció a su derecho a juicio por jurado. Procedió, entonces, el Ministerio Fiscal a solicitar del tribunal que se enmendara el pliego acusatorio radicado para que en lugar de imputar dos (2) infracciones al antes citado Art. 401 de la Ley de Sustancias Controladas, la acusación imputara dos (2) infracciones al Art. 404(a) de la referida ley, 24 L.P.R.A. sec. 2404; *esto es, posesión simple de las sustancias controladas conocidas por cocaína y marihuana.* La solicitud a esos efectos —*producto la misma de una "alegación preacordada" llevada a cabo entre las partes*— fue aprobada por el tribunal de instancia.

La peticionaria procedió entonces a hacer una *alegación de culpabilidad* por los delitos de infracción (dos (2) cargos) al Art. 404(a) de la Ley de Sustancias Controladas, *supra*, y por una infracción al Art. 6 de la Ley de Armas, *supra*, alegación que el tribunal aceptó luego de examinar, conforme a derecho, a la peticionaria. A solicitud de la defensa —*sin que el Ministerio Público presentara objeción a ello en esos momentos*— el tribunal refirió a. la peticionaria para evaluación e informe presentencia por parte de la oficina de oficiales probatorios.

Pendiente el acto de dictar sentencia, el Ministerio Público *sorpresivamente* radicó ante el tribunal de instancia un escrito

---

([1]) El esposo de la peticionaria Ortiz Delgado, Pablo Roura Torres, también fue acusado por estos hechos. Unas dos (2) personas adicionales, de nombres Nelson Quiñones Ginel y Nelson Rivera Lugo, igualmente fueron acusados por dichos hechos.

que tituló "Moción Solicitando Imposición de Sentencia". En el mismo el representante del Estado informó al tribunal, *en lo pertinente*, que había solicitado las enmiendas a las acusaciones por razón de que la peticionaria "es una madre que tiene varios hijos pequeños". A renglón seguido, sin embargo, expuso:

> Que no obstante a lo anterior entendemos *que esta acusada no es acreedora a una sentencia suspendida y solicitamos del Honorable Magistrado* que para la fecha en que está señalada la imposición de la sentencia que es el día 18 de mayo de 1990, *se le imponga la sentencia máxima para cumplir en prisión*. (Énfasis suplido.)

El 18 de mayo de 1990, el tribunal de instancia sentenció a la peticionaria, en relación con las dos (2) infracciones al Art. 404(a) de la Ley de Sustancias Controladas, *supra*, a sufrir una pena de tres (3) años de prisión en cada cargo y a seis (6) meses de cárcel por la infracción al Art. 6 de la Ley de Armas, *supra*, a ser cumplidas todas en forma concurrente entre sí. Le fueron negados los beneficios de una sentencia suspendida a la peticionaria.

Procede que se enfatice el hecho de que un segundo coacusado, de nombre Nelson Quiñones Ginel, quien igualmente fuera sentenciado a tres (3) años de prisión por las infracciones a la Ley de Sustancias Controladas recibió los beneficios de una probatoria.[2]

Solicitada la reconsideración de la denegatoria de la probatoria por la peticionaria Ortiz Delgado, el foro de instancia denegó la misma. Acudió entonces dicha peticionaria ante este Tribunal —vía *certiorari*— imputándole al foro de instancia haber incurrido en "un claro abuso de discreción" al denegarle los beneficios de una sentencia suspendida.

Mediante Resolución de 15 de junio de 1990 le concedimos término al Procurador General de Puerto Rico para que mostrara

---

[2] El caso del tercer coacusado, Pablo Roura Torres, quien es el esposo legal de la peticionaria, está pendiente de la celebración de una vista de procesabilidad ante el foro de instancia. El coacusado Nelson Rivera Lugo había hecho alegación de culpabilidad, igualmente por infracción al Art. 404(a) de la citada Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404, y fue sentenciado a *cumplir* cinco (5) años de prisión.

causa por la cual no debíamos expedir el recurso radicado y dictar sentencia concediéndole los beneficios de una sentencia suspendida a la peticionaria. El referido funcionario ha comparecido. En su comparecencia, luego de hacer un recuento de la jurisprudencia aplicable, suplica que resolvamos "lo que en derecho proceda".

Luego de haber examinado los autos originales, incluso el informe presentencia rendido por el oficial probatorio, entendemos procede resolver según lo intimado en la orden de mostrar causa emitida.

I

Recientemente —en *Pueblo v. Ortega Santiago*, 125 D.P.R. 203 (1990)— tuvimos la oportunidad de expresarnos respecto al asunto aquí en controversia. Expresamos en dicho caso, en lo pertinente, que:

> . . . hemos resuelto que la decisión o determinación de conceder o no los beneficios de una sentencia suspendida a un convicto de delito que prima facie cualifica para recibir dichos beneficios *descansa en la sana discreción* del tribunal sentenciador, *Vázquez v. Caraballo*, 114 D.P.R. 272 (1983); que a dicha determinación le cobija la presunción de ser una justa y correcta, *Pueblo v. Pérez Bernard*, 99 D.P.R. 834 (1971); que el informe que rinde al tribunal el oficial probatorio, y su recomendación sobre la concesión o no de una sentencia suspendida al convicto, *no* obliga al juez sentenciador, *Pueblo v. Martínez Rivera*, 99 D.P.R. 568 (1971); que aun cuando la carencia de antecedentes penales es una circunstancia favorable para el convicto que aspira a recibir los beneficios de una sentencia suspendida, dicha circunstancia, por sí sola, no es suficiente para recibir dichos beneficios, *Pueblo v. Luciano*, 77 D.P.R. 597 (1954), y que, en casos de alegaciones de culpabilidad, no hay nada que impida que el juez de instancia examine el expediente fiscal con el propósito de conocer los hechos que dieron lugar a la radicación de los cargos criminales y así poder estar en mejor posición de ejercer esa discreción, *Pueblo v. Feliciano*, 67 D.P.R. 247 (1947).

> Discreción, naturalmente, significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. En el ámbito judicial, sin embargo, el mencionado concepto "no significa poder para actuar en una forma u otra, *haciendo*

*abstracción* del resto del Derecho . . .". (Énfasis suplido.) *Pueblo v. Sánchez González,* 90 D.P.R. 197, 200 (1964).

No resulta fácil precisar cuándo un tribunal de justicia incurre en un abuso de discreción. No tenemos duda, sin embargo, *de que el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad.* Como expresáramos en *Pueblo v. Sánchez González,* ante, pág. 200, "[d]iscreción es, pues, una *forma de razonabilidad aplicada al discernimiento judicial* para llegar a una conclusión justiciera . . .". (Énfasis suplido.)

.    .    .    .    .    .    .    .    .

En relación con lo antes expresado, debe mantenerse presente que —si bien es cierto que es sobre los hombros de los señores jueces de instancia sobre los cuales recae, de manera inicial y principal, la decisión de conceder o no a un convicto de delito los beneficios de una sentencia suspendida y que, de ordinario, respetaremos la decisión que en el ejercicio de esa discreción judicial ellos emitan— la amplia discreción judicial que dichos magistrados poseen en esta clase de situaciones no es una ilimitada y absoluta. En consecuencia, este Tribunal estará siempre presto a entender en todo caso en que, a nuestro juicio, el juez de instancia haya incurrido en un abuso de discreción al denegar, o conceder, a un convicto de delito los beneficios de una sentencia suspendida. *Pueblo v. Sánchez González,* ante; *Pueblo v. Laboy,* 110 D.P.R. 164 (1980). El presente caso es un vivo ejemplo de ello. *Pueblo v. Ortega Santiago,* supra, págs. 210–212.

En el citado caso de *Pueblo v. Ortega Santiago,* luego de examinar los hechos específicos del mismo, revocamos la determinación del tribunal de instancia denegatoria de la probatoria por entender que dicho foro había abusado de su discreción al así actuar. *Igual conclusión se impone en el presente caso.*

Un examen del informe rendido por el oficial probatorio —el cual *no* contiene recomendación alguna— revela que se trata de una persona sin récord penal, madre de tres (3) niños pequeños, que es querida y respetada por sus vecinos, quienes informaron al oficial probatorio que

. . . quien vendía drogas era el esposo de ésta. Expresaron que ella es víctima de él. La oían pelear con él ya que se oponía a que éste vendiera drogas en la casa. Inclusive la maltrataba física y verbalmente.

Por su parte, la peticionaria le expresó al oficial probatorio que la policía efectivamente ocupó drogas en el allanamiento que realizara de su residencia; que su esposo

... se dedicaba a vender narcóticos en grandes cantidades. Alega que su delito fue no haberlo denunciado a la policía *ya que la tenía amenazada si decía algo.* (Énfasis suplido.)

La División de Drogas de la Policía informó, por último, al oficial probatorio que la información que tenían —*suministrada alegadamente por un confidente*— era que la peticionaria vendía drogas junto a su esposo. *Ello no obstante, manifestaron no tener objeción a que se le concediera la probatoria a ésta.* A base de todo lo anteriormente expresado, somos del criterio que la peticionaria es acreedora a recibir los beneficios de una sentencia suspendida.

En consecuencia, *se expide el auto y se dicta sentencia concediéndole los beneficios de una sentencia suspendida a la peticionaria Ortiz Delgado. Se devuelve el caso al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí resuelto. En vista de que la peticionaria se encuentra actualmente privada de su libertad, la presente sentencia deberá ser notificada, en adición a la vía ordinaria, por la vía telefónica al tribunal de instancia para que se expida a la mayor brevedad posible el correspondiente mandamiento de excarcelación.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General Interino. El Juez Asociado Señor Rebollo López emitió voto separado de conformidad.

(*Fdo.*) Heriberto Pérez
*Secretario General Interino*

—O—

Voto separado de conformidad emitido por el Juez Asociado Señor Rebollo López.

Estamos completamente conformes con la sentencia que hoy emite el tribunal en el presente caso. Estimamos procedente, sin

embargo, expresarnos por separado en vista de una situación de hechos particular presente en el caso de autos. Nos referimos a la actuación a nivel de instancia del Ministerio Fiscal, *la cual entendemos que fue una altamente irregular e impropia que no se debe repetir ni permitir.*

## I

Como surge de la sentencia emitida por el Tribunal, la peticionaria Lourdes Ortiz Delgado fue acusada, en unión a otras tres (3) personas, de dos (2) infracciones a la Ley de Sustancias Controladas de Puerto Rico (Ley de Sustancias Controladas), específicamente del Art. 401 (24 L.P.R.A. sec. 2401), pliego acusatorio resultante de un allanamiento llevado a cabo por agentes de la Policía de Puerto Rico en el hogar que ésta compartía con su esposo y sus tres (3) hijos.

Producto de unas conversaciones que sostuvieron la representación legal de la peticionaria y representantes del Ministerio Público —procedimiento conocido como "alegación preacordada" (*plea bargaining*)— el Estado solicitó, y obtuvo permiso, del Tribunal Superior de Puerto Rico, Sala de Ponce, para que se enmendara la acusación radicada para que, en lugar de imputar infracciones al Art. 401, *supra,* se alegaran dos (2) infracciones al Art. 404(a) de la referida Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404. Ello lo hizo el Ministerio Fiscal, naturalmente, a cambio de una alegación de culpabilidad de parte de la peticionaria Lourdes Ortiz Delgado.

No formó parte del procedimiento de "alegación preacordada", realizada entre las partes, acuerdo alguno relativo a la pena a imponerse y a la posibilidad, latente y factible bajo una convicción al amparo de las disposiciones del Art. 404(a) antes citado, de que el tribunal le concediera o no a la peticionaria los beneficios de una sentencia suspendida. Esto es, el Estado *ni* recomendaba *ni* objetaba la concesión de dichos beneficios. De hecho, y conforme surge de la minuta que recoge los procedimientos acaecidos del día 12 de marzo de 1990 ante el tribunal de

instancia, luego de que la peticionaria hiciera la alegación de culpabilidad, *el Estado no objetó la petición de la defensa para que el caso fuera referido para evaluación e informe, a la oficina de oficiales probatorios.*

Con posterioridad a ello, *en una acción realizada en violación del procedimiento de "alegación preacordada",* el representante del Ministerio Fiscal[1] radicó una moción en que, en lo pertinente, expresó:

1. Que la co-acusada Lourdes Ortiz Delgado hizo alegación de culpabilidad por dos infracciones al Art. 404(a) de la Ley de Sustancias Controladas de Puerto Rico el día 12 de marzo de 1990 ante el Honorable Juez Rafael Riefkhol Marcano.

2. *Que ese día el fiscal que suscribe solicitó del Honorable Magistrado la enmienda de la acusación que pesaba contra la co-acusada Lourdes Ortiz* para que en lugar de imputársele dos infracciones al Art. 401 de la referida ley se le imputaran dos cargos por 404(a).

3. Que aunque en el allanamiento que se llevó a cabo por la División de Yauco allá para el día 18 de noviembre de 1988 y por el cual fu[e] arrestada y acusada Lourdes Ortiz *se ocupó gran cantidad de Sustancias Controladas,* un arma de fuego, balas y bastante material de parafernalia, *hemos tomado en consideración que es una madre que tiene varios hijos pequeños y por eso nos hemos allanado a lo antes mencionado.*

4. *Que no obstante a lo anterior entendemos que esta acusada no es acreedora a una sentencia suspendida y solicitamos del Honorable Magistrado* que para la fecha en que está señalada la imposición de la sentencia que es el día 18 de mayo de 1990, *se le imponga la sentencia máxima para cumplir en prisión.* (Énfasis suplido.)

Realmente resulta lamentable y desafortunado que haya sucedido una situación como la que surge de lo antes transcrito. *La misma constituye prueba fehaciente de que el referido Fiscal incumplió, a sabiendas, con su deber como representante del*

---

[1] Hon. Néstor L. Santiago Feliciano, Fiscal adscrito a la División de Drogas de la Fiscalía de Ponce.

*Ministerio Público y, en adición, con la palabra que, como funcionario que es del tribunal, había empeñado ante dicho foro.*

Tenemos *serias reservas* sobre la legitimidad de la razón brindada por el representante del Ministerio Público —que la peticionaria "era una madre con tres hijos"— para rebajarle la calificación del delito a la peticionaria.(2)

De todas formas, fuera por la razón que fuera, *el Estado llegó a un acuerdo e hizo un compromiso*: reducir la calificación del delito a cambio de una alegación de culpabilidad por parte de la peticionaria *sin* que hubiera acuerdo alguno sobre la pena a recomendarse y la concesión, o no, de los beneficios de una sentencia suspendida. Al radicar la moción a la que hemos hecho referencia anteriormente, *el Fiscal faltó a la palabra que había dado y, en consecuencia, violó el acuerdo formal que había suscrito ante el tribunal de instancia.*

*Conducta de esta naturaleza, de ser tolerada en el futuro a nivel de instancia, dará al traste con el procedimiento de "alegación preacordada", refrendado el mismo por las disposi-*

---

(2) En primer lugar, si es que era cierto que la peticionaria era criminalmente responsable de poseer "gran cantidad de sustancias controladas", entonces el referido fiscal no ha debido rebajar la calificación del delito imputado de violación al Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401. La posesión por una persona de *gran cantidad* de narcóticos es índice incuestionable de posesión *con intención de distribuir*, esto es, que la persona se dedica *a la venta* de esos narcóticos. Esa persona *no* merece compasión *ni* oportunidad alguna. Debe ser debidamente juzgada por el delito imputado, y si es declarada culpable de ello, debe ser sentenciada a cumplir las fuertes penas que dispone la referida ley, la cual niega de forma automática la concesión del beneficio de una probatoria.

Es muy factible, en segundo lugar, que hubiera "problemas" técnicos con el allanamiento realizado y que la legalidad de éste no pudiera ser sostenida. Índice de ello lo constituye que a otros dos coacusados por los mismos hechos igualmente se les rebajó la calificación a una infracción al antes citado Art. 404(a), 24 L.P.R.A. sec. 2404(a). *A ellos, ciertamente, no les es aplicable la razón brindada por el Fiscal, en relación con la peticionaria, para rebajar la calificación del delito.*

Por otro lado, del informe rendido por el oficial probatorio surge con meridiana claridad una posible "defensa", que, en un juicio en sus méritos, podría quizás haber encontrado apoyo *en el ánimo de un Jurado.* Conforme dicho informe, los vecinos inmediatos del mencionado matrimonio eran de la opinión que la peticionaria *no* estaba envuelta directamente con las sustancias controladas en controversia; que su esposo era el responsable de ello y que ellos dos habían tenido serias desavenencias al respecto. *En resumen, es muy posible que el Ministerio Fiscal tuviera serias dudas sobre el resultado del caso de ir a juicio plenario y que esa fuera la verdadera razón para rebajar la calificación del delito a los tres imputados.*

*ciones de la Regla 72 de las vigentes Reglas de Procedimiento Criminal de 1963, según enmendadas, 34 L.P.R.A. Ap. II.*

Como expresara el Tribunal Supremo de los Estados Unidos en *Blackledge v. Allison,* 431 U.S. 63, 71 (1977):

> Cualquiera que sea la situación en un mundo ideal, el hecho es que las alegaciones de culpabilidad y el procedimiento concomitante de la alegación pr[ea]cordada son importantes componentes del sistema de justicia criminal de este país. Correctamente administradas, éstas pueden resultar en beneficio para todos los concernidos. (Traducción nuestra.)

Estamos conscientes del hecho que el procedimiento de "alegación preacordada" puede resultarle antipático a muchas personas. Incluso, es posible que el mismo sea considerado por muchos como un "mal necesario". Ello no obstante, y como expresara este Tribunal en la decisión que sirvió de base a la citada Regla 72 de Procedimiento Criminal, dicha práctica

> . . . es una realidad que no puede soslayarse por más tiempo. Hay que descorrer su velo de misterio y dejar sentado, a plena luz, que la negociación de alegaciones de culpabilidad es una práctica de gran utilidad para el sistema de impartir justicia y debe estimularse. Véanse, *e.g., Bordenkircher v. Hayes,* 434 U.S. 357, 361 (1978); *Blackledge v. Allison,* 431 U.S. 63, 71 (1977); *Santobello v. New York,* 404 U.S. 257, 260–261 (1971). Sin las alegaciones preacordadas sería muy difícil, si no imposible, enjuiciar a todas las personas acusadas de cometer delitos dentro de los términos mandados por el ordenamiento procesal y por la Constitución.

Independientemente de todo lo anteriormente expresado, mientras dicho procedimiento de "alegación preacordada" sea parte integral del procedimiento criminal en nuestra jurisdicción, los tribunales de instancia no deben permitir que el mismo sea impunemente violado por ninguna de las partes. Debe recordarse que no hay obligación alguna de entrar en este procedimiento. Una vez se perfecciona el mismo, sin embargo, sus acuerdos tienen que ser respetados.