# 95 DTA 19

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE AGUADILLA Y MAYAGUEZ PANEL I

EL PUEBLO DE PUERTO RICO
Recurrido

v.

EDGAR RODRÍGUEZ MENDEZ
RICARDO RODRIGUEZ TIRADO
Recurrentes

Núm. KLCE-95-00072

San Juan, Puerto Rico, a 7 de marzo de 1995

Panel integrado por su presidente, el Juez Rossy García,
la Juez López Vilanova y el Juez Negrón Soto

López Vilanova, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita mediante petición de *Certiorari* presentada el 6 de marzo de 1995 la revisión de la resolución del Tribunal Superior, Sala de Aguadilla, del 3 de marzo de 1995, denegando una solicitud de traslado e impugnación del panel general de jurados escogidos para el año fiscal 1994-95 para el distrito judicial de Aguadilla.

En lo que refiere a la selección del panel el peticionario argumenta que éste está constituido por personas mayores de cincuenta (50) años, con educación inferior a un bachillerato universitario, *"por lo cual es evidente que no son representativos del área que comprende la región judicial de Aguadilla".* (Véase Exhibit III, págs. 25-26). Además, sostiene que, a su juicio el panel general no fue escogido conforme a las reglas de procedimiento criminal.

Hemos examinado detenidamente la fundamentada resolución recurrida, la transcripción de los testimonios del Secretario del Tribunal y el Juez Administrador, relativos al procedimiento de selección del panel general y entendemos que no erró el Tribunal al denegar la recusación solicitada. No encontramos que se aportara prueba en apoyo a un discrimen en la selección del jurado o que aviesamente y con el propósito de perjudicar al acusado se haya incumplido con los preceptos directivos contenidos en las Reglas de Procedimiento Criminal. 34 L.P.R.A. Ap. I-A.

Para invocar una violación al requerimiento de representatividad debido a que un grupo distintivo de la comunidad ha sido excluido debe establecerse que se trata de una exclusión sistemática y no producto del azar. *United States v. Young,* 822 F2d 1234 (2d Cir. 1987).

Tampoco erró el Tribunal al no citar a declarar a los comisionados de jurados. El propósito de la defensa para citarles era *"conocer sus rasgos personales y saber si ellos mismos son*

*representativos de la comunidad a la cual pertenecen".* (Véase Apéndice X, pág. 99-100).

Nada hemos encontrado en el ordenamiento vigente que sostenga tan especulativa solicitud. La Regla 97 de las de Procedimiento Criminal dispone sobre los requisitos para estos nombramientos. *"En nuestro sistema de Derecho se presume que los deberes de un cargo han sido cumplidos con regularidad y que la ley ha sido acatada. Regla 16 (15) y (32) de las Reglas de Evidencia de 1979". Pueblo v. Laboy,* 110 D.P.R. 164, 168 (1980).

La contención de la defensa de que procede el traslado de este caso toda vez que algunos de los miembros del panel admitieran que habían escuchado comentarios específicos sobre el caso, carece de méritos.

La notoriedad de un caso no es causa suficiente para un traslado. *Maldonado v. Corte,* 71 D.P.R. 537 (1950), *Pueblo v. Martín Aymat,* 105 D.P.R. 528 (1977). La simple publicación de noticias no es por sí solo indicativo que no puede obtenerse un jurado imparcial que brinde un juicio justo a todas las partes. Lo contrario inhibiría que puedan encausarse casos revestidos de interés público. Véase, *Pueblo v. Lebrón González,* 113 D.P.R. 81 (1982).

El hecho aislado de la publicidad, en ausencia de prueba que los candidatos a jurado van a estar prejuiciados como resultado de la misma, no constituye demostración de prejuicio. Véase *Pueblo v. Maldonado Dipiní,* 96 D.P.R. 897 (1969). *"El traslado --aunque reconocido entre los medios disponibles al Tribunal ante la probabilidad de que la publicidad antes del juicio impida un juicio justo e imparcial-- resulta usualmente inefectivo particularmente en jurisdicciones pequeñas como Puerto Rico. Un caso verdaderamente notorio generará publicidad masiva en cualquier distrito judicial."* Véase Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* 1ra ed., Editorial Forum, 1992, Vol. II, pág. 211.

*"[The] nature of modern communications media limits the effectiveness of both continuances and change of venue". People v. Manson,* App. 132 Cal. Rptr. 265, 310 (1976).

*"Change of venue leaves open the obvious possibility that publicity will also be engendered in the area to which the trial has been transferred. Also, change of venue is useless if the publicity has been nationwide, or, in a court of limited jurisdiction, if the publicity has been spread through the entire jurisdiction." (Prejudicial Publicity in Trials of Public Officials* (1975) 85 Yale Law Journal, 123, fn.2]. *People v. Manson, supra,* nota al calce número 68.

En virtud de todo lo anterior se deniega la expedición del recurso.

Notifíquese de inmediato por teléfono y por vía ordinaria. Adelántese vía facsímil.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General