González Rivera, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El peticionario Edwin Morges Pedraza solicita la revisión de una sentencia que le impuso penas consecutivas y le denegó los beneficios de una sentencia suspendida pese a ser acreedor a ella de conformidad con el ordenamiento jurídico.
Los hechos que establecen la cuestión planteada son los siguientes:
I
El peticionario fue acusado por el delito de asesinato en segundo grado y, sendas infracciones al Artículo 6 y al Artículo 8 de la Ley de Armas de Puerto Rico.
Llamado el caso para la celebración de juicio, el peticionario suscribió una Moción sobre Alegación Pre-acordada. En ella el fiscal se comprometió a reclasificar el delito de asesinato en segundo grado a uno de homicidio; los cargos por infracción al Artículo 8 de la Ley de Armas fueron reclasificados al Artículo 7 en su modalidad grave. Los cargos por infracción al Artículo 6 prevalecieron inalterados.
Luego de renunciado su derecho a juicio por jurado hizo alegación de culpabilidad en todos los delitos tal como fueron reclasificados. No se recomendó al tribunal determinada sentencia, sino que las penas se impusieran en forma concurrente. No hubo objeción por parte del fiscal para que el convicto fuera referido a los oficiales probatorios para estudio y recomendación en cuanto a la elegibilidad de éste para los beneficios de una sentencia suspendida.
Habiéndose rendido por la oficial probatorio el informe pre-sentencia, el magistrado de instancia, según se desprende del alegato del apelante, expresó "que el informe de la socio penal expresa que la comunidad entiende que es una persona buena gente y podrá tener las recomendaciones - dicho informe recoge informaciones de terceros, pero aquí el juez soy yo y yo escuché la prueba". El tribunal se refería a los hechos desfilados contra el sobrino del peticionario visto ante él. Le impuso al peticionario diez (10) años por el delito de homicidio; *998 dos (2) años en cada caso por infracción al Artículo 6 de la Ley de Armas, concurrentes entre sí y consecutivos con la sentencia dictada por el delito de homicidio; cuatro (4) años en los casos por infracción al Artículo 7 concurrentes entre sí y consecutivos con la sentencia del delito de homicidio. El total a cumplirse es de dieciséis (16) años. No obstante, ser favorable el informe del oficial probatorio, a la concesión del beneficio, el tribunal a quo denegó los mismos y ordenó el ingreso a una institución carcelaria para pagar su condena.
Inconforme, el peticionario Morges Pedraza, acudió en certiorari ante este Tribunal. Mediante resolución de 29 de abril de 1997, concedimos término al Procurador General para fijar su posición en cuanto al recurso presentado.
Habiéndose elevado los autos originales completos de este caso, el informe pre-sentencia y los escritos de las partes, procede resolver la cuestión planteada.
II
El Tribunal Supremo ha resuelto que la decisión o determinación de conceder o no los beneficios de una sentencia suspendida a un convicto de delito que prima facie cualifica para recibir dichos beneficios descansa en la sana discreción del tribunal sentenciador, Vázquez v. Caraballo, 114 D.P.R. 272 (1983); que a dicha determinación le cobija la presunción de ser una justa y correcta, Pueblo v. Pérez Bernard, 99 D.P.R. 834 (1971); que el informe que rinde al tribunal el oficial probatorio y su recomendación sobre la concesión o no de una sentencia suspendida al convicto no obliga al juez sentenciador, Pueblo v. Martínez Rivera, 99 D.P.R. 568 (1971); que aun cuando la carencia de antecedentes penales es una circunstancia favorable para el convicto que aspira a recibir los beneficios de una sentencia suspendida, dicha circunstancia por sí sola, no es suficiente para recibir dichos beneficios, Pueblo v. Luciano, 77 D.P.R. 597 (1954), y que en casos de alegaciones de culpabilidad no hay nada que impida que el juez de instancia examine el expediente fiscal con el propósito de conocer los hechos que dieron lugar a la radicación de los cargos criminales y así poder estar en mejor posición de ejercer esa discreción, Pueblo v. Feliciano, 67 D.P.R. 247 (1947).
La amplia discreción que poseen los magistrados para dictar sentencia no es una ilimitada y absoluta. En consecuencia, en apelación debemos estar prestos a entender en todo caso en que, a nuestro juicio, el juez de instancia haya incurrido en un abuso de discreción al denegar o conceder a un convicto de delito los beneficios de una sentencia suspendida. Pueblo v. Ortega Santiago, 125 D.P.R. 203 (1990); Pueblo v. Sánchez González, 90 D.P.R. 197 (1964); Pueblo v. Laboy, 110 D.P.R. 164 (1980).
III
Por otra parte, el Artículo 2 de la Ley de Sentencias Suspendidas, 34 L.P.R.A., see. 1027, en lo pertinente dispone, para que una persona a quien se haya sentenciado pueda quedar en libertad a prueba deben concurrir los siguientes requisitos:

"1. que dicha persona, con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesado; y a la cual no se le hubieren suspendido los efectos de una sentencia anterior por delito grave;

2. que las circunstancias en que se cometió el delito no evidencian que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico;

3. que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el 
*999
Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adeudada a la comunidad."

IV
Por otro lado, el Tribunal Supremo ha establecido la validez constitucional de las alegaciones pre-acordadas. Reconoce que es una práctica de gran utilidad que debe estimularse. Sin las alegaciones pre-acordadas sería difícil enjuiciar a todas las personas acusadas de cometer delitos dentro de los términos requeridos por el ordenamiento procesal y por la Constitución. Pueblo v. Mojica Cruz, 115 D.P.R. 569 (1984); Pueblo v. Figueroa García, 92 J.T.S. 5, resuelto el 30 de enero de 1992.
Con posterioridad a la decisión del Tribunal Supremo en Mojica, supra, se aprobó la Regla 72 de Procedimiento Criminal con el propósito de regular el procedimiento de las alegaciones pre-acordadas y su efecto una vez las mismas se someten a la aprobación del tribunal.
Con respecto a las controversias específicas que nos ocupa, si las partes llegan a un acuerdo, el inciso (3) de la citada regla concede discreción al tribunal para aceptarla o rechazarla. Es importante considerar que el inciso (4) señala que si la alegación pre-acordada es rechazada por el tribunal, éste así lo informará a las partes y advertirá al imputado personalmente que el tribunal no está obligado por el acuerdo y brindará al imputado la oportunidad de retirar su alegación. Le advertirá, además, que si persiste en su alegación de culpabilidad, la determinación final del caso podrá serle menos favorable que la acordada entre su abogado y el fiscal. De este trámite se tomará constancia en el récord.
V
De un examen del expediente de la totalidad del caso, del informe pre-sentencia y de las disposiciones legales pertinentes, concluimos que Morges Pedraza es acreedor a que las penas impuestas las cumpla en forma concurrentes entre sí y que le concedan los beneficios bajo la Ley de Sentencia Suspendida.
El peticionario cualifica para una sentencia suspendida por cumplir con todos y cada uno de los requisitos que establece la ley. Según el resultado de la investigación realizada a sobre 20 personas, la oficial probatorio recomienda favorablemente la concesión de este beneficio por cuanto Morges Pedraza no tiene antecedentes penales que lo descalifiquen; se ha mantenido empleado operando un negocio de venta de alimentos; sus vecinos no lo relacionan con personas de dudosa reputación; lo describen como una persona tranquila y no peligrosa; ha mantenido buenas relaciones en la comunidad donde reside; todos los vecinos al igual que los agentes que intervinieron en el caso le recomiendan para el beneficio que solicita.
Si bien es cierto que los delitos por los cuales el peticionario hizo alegación de culpabilidad son unos que conllevan violencia, el acto fue producto de una reacción irreflexiva, pasional, súbita e inmediata y no producto de una premeditación calculada y fría. Los hechos y el estudio realizado por la oficial socio-penal no denotan que éste constituya un peligro para la sociedad^ue amerite su ingreso en una institución penal. Sus características personales, sociales y familiares son compatibles con el propósito que persiguió el legislador al aprobar la ley de sentencias suspendidas. Nada hay ante nuestra consideración que nos indique que el peticionario no pueda beneficiarse de una probatoria. La conclusión lógica a la que podemos llegar para justificar el proceder del foro de instancia es que éste basó su discreción para no conceder el beneficio solicitado en los hechos presentados ante él en el *1000 caso del co-acusado, Mangual Morges.
En cuanto a la determinación del modo concurrente o consecutivo de cumplir las penas impuestas, ésta también descansa en la sana discreción del tribunal de instancia. A la luz de las circunstancias específicas concurrentes en cada caso y teniendo en cuenta, hasta donde fuere posible, desde luego el derecho positivo envuelto y todos los principios o factores de justicia atendibles, resolvemos que las sentencias impuestas deben ser impuestas en forma concurrentes entre sí.
En estos casos el Tribunal de Primera Instancia no acogió la recomendación negociada entre las partes en cuanto a que las penas a imponerse fuesen en forma concurrente. Sin que derrotemos o debilitemos la amplia discreción que tiene el tribunal recurrido para aceptar, rebajar o modificar una alegación pre-acordada, determinamos que en este caso incurrió en una clara desviación de la ley y la jurisprudencia aplicable. Los tribunales no pueden rechazar absolutamente una alegación pre-acordada por la única razón de que el juez entiende que el delito en particular es demasiado grave y en inobervancia a los preceptos legales aplicables.
La rebaja en la calificación del delito imputado de asesinato en primer grado a homicidio ciertamente fue aceptado por el tribunal. En el momento en que se registró la alegación de culpabilidad no hubo expresión alguna del tribunal en cuanto al modo de imponer las condenas. Al dictar sentencia rechazó la recomendación para imponer penas concurrentes. Antes de dictar sentencia debió dar vigencia a lo dispuesto en la Regla 72, lo que conlleva el advertirle al peticionario que el tribunal no estaba obligado por el acuerdo; tampoco le brindó a éste la oportunidad de retirar su alegación pre-acordada de forma que éste quedara en la misma situación en que estaba antes del fiscal haber accedido a la alegación pre-acordada. Pueblo v. Figueroa García, _ D.P.R. _ (1992), 92 J.T.S. 5, opinión de 30 de enero de 1992. Esto incluye reinstalarle su derecho a ser juzgado por juez o jurado con todas las garantías procesales correspondientes, incluyendo término razonable para preparar su defensa. En otras palabras, garantizarle el disfrute pleno de sus derechos, renunciados como consecuencia de ese acuerdo. Si el acusado hubiere realizado actos en detrimento de esos derechos como consecuencia de ese convenio, el tribunal tendría que determinar si ello resulta en una violación a su derecho a un debido proceso de ley. El tribunal pudo haber rechazado la alegación pre-acordada total o parcialmente. Tal decisión descansa en su sana discreción, la cual no es ilimitada y absoluta. Su adecuado ejercicio está inexorablemente atado al concepto de razonabilidad aplicado al discernimiento del tribunal en la búsqueda de una solución justa; Pueblo v. Ortega Santiago, _ D.P.R. _ (1990), 91 J.T.S. 12, opinión de 23 de enero de 1990.
VI
En consideración a los fundamentos antes expuestos, se expide el auto de certiorari y se revoca la resolución recurrida, se dictará sentencia modificatoria a los extremos antes indicados. Se ordena al Tribunal de Primera Instancia la celebración inmediata de una vista para proveer entre los cursos de acción siguientes:
"1. Si la alegación pre-acordada, en términos de la imposición de las condenas en forma concurrente, es rechazada por el tribunal, éste así lo informará a las partes y advertirá al imputado personalmente que el tribunal no está obligado por el acuerdo y brindará a éste, de no existir impedimento jurídico para ello, la oportunidad de retirar su alegación. Le advertirá además, que si persiste en su alegación de culpabilidad, la determinación final del caso podría serle menos favorable que la acordada entre su abogado y el fiscal. De este trámite se tomará constancia en el récord. Si el peticionario retira su alegación éste quedará en las mismas condiciones en que estaba al ser sentenciado.

2. Si el tribunal acepta el acuerdo o recomendación del fiscal y el abogado defensor, 
*1001
deberá disponer la excarcelación inmediata del peticionario e imponerle a éste las condiciones que debe observar mientras disfruta de los beneficios de la sentencia suspendida."

El Juez Ortiz Carrión concurre con el resultado y el Juez Rivera Pérez disiente en voto escrito separado.
Notifiquese por fax, teléfono y por la vía ordinaria.
Así lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General