# 99 DTA 120

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL CAROLINA - FAJARDO**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

MIGUEL CIRINO CALDERON, LORENZO REYES PARRILLA
Peticionarios

Núm. KLCE-99-00233

San Juan, Puerto Rico, a 18 de marzo de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

Se acude mediante *certiorari* y moción en auxilio de jurisdicción para que se revoque una determinación del

Tribunal de Primera Instancia, Sala Superior de Carolina, que declaró sin lugar una solicitud de recusación general del panel de jurados presentada por la parte peticionaria Miguel Cirino Calderón y otros.

Inconforme con la determinación, la parte peticionaria señala la comisión de varios errores que, en síntesis, plantean lo siguiente: primero, que erró el tribunal al no considerar todos los argumentos de su solicitud y al ser resuelta por un juez a quien alegadamente no competía resolverla; y segundo, que incidió al denegar la recusación del jurado cuando alegadamente éste no era representativo.

Atendida la petición de *certiorari* y la moción en auxilio de jurisdicción, se deniegan ambas por los siguientes fundamentos.

## I

El 10 de marzo de 1999, se citaron al Centro Judicial de Carolina, 84 ciudadanos para la constitución del jurado que trabajaría en el presente caso. La secretaria del salón de jurados depositó en una caja de madera 84 tarjetas con los nombres de las personas citadas; luego mediante sorteo, extrajo cada una de ellas y les solicitó que se identificaran para beneficio de los abogados presentes.

La parte peticionaria presentó en la sala donde se ventila el caso, una moción solicitando recusación general del jurado. El tribunal ordenó que se reprodujera la solicitud por escrito y se presentara ante el Juez Coordinador de los Asuntos de lo Criminal (Juez Coordinador). Cumplido dicho trámite, el Juez Coordinador mediante resolución por escrito, declaró sin lugar la moción de recusación general del jurado. El juicio comenzó el 15 de marzo, según lo pautado.

Inconforme con la determinación, la parte peticionaria acude ante nos el 17 de marzo de 1999.

## II

Analicemos el derecho aplicable a la situación antes expuesta.

La parte peticionaria plantea, como primer error, que incidió el Tribunal de Instancia al no considerar todos los argumentos de su solicitud y al ser resuelta por un juez a quien alegadamente no competía resolverla.

No tiene razón.

Nuestro Tribunal Supremo ha señalado que, cónsono con el principio de jurisdicción unificada, le compete a los tribunales en su capacidad administrativa, decidir qué jueces en específico van a resolver las controversias que se le presentan. *Pérez Suárez v. Departamento de la Familia,* opinión del 17 de febrero de 1999, **99 J.T.S. 15,** pág. 582.

Por otro lado, en aspectos relacionados al debido proceso de ley se ha resuelto que el mismo no constituye un molde rígido que opera en el vacío, pues su naturaleza es eminentemente pragmática y no existe para exigir cosas absurdas o inútiles. *Pueblo v. Andréu González,* 105 D.P.R. 315, 320-321 (1976).

En cuanto a este asunto, el juez que presidió los procedimientos refirió al Juez Coordinador la moción de recusación general del jurado, presentada por la parte peticionaria, conforme la norma administrativa. El tribunal, dentro del marco de sus funciones administrativas, está facultado para disponer que ciertos asuntos se resuelvan por determinados jueces con el objetivo de hacer más eficiente la administración de la justicia.

El tribunal recurrido atendió todos los planteamientos de la parte peticionaria y en el sano ejercicio de su

discreción determinó que el procedimiento de selección del jurado no demostraba irregularidad ni violación alguna a la ley. No se ha demostrado que dicho trámite sea arbitrario, contrario a derecho o que menoscabe derechos constitucionales de los acusados.

Por lo tanto, concluimos que el primer error no fue cometido.

### III

Como segundo error se alega que incidió el tribunal al denegar la recusación del jurado cuando alegadamente éste no era representativo.

Tampoco le asiste la razón. Veamos.

Nuestro ordenamiento constitucional establece como derecho el juicio por jurado, fundado en el principio de que el acusado debe ser juzgado por un conjunto de personas imparciales, residentes del distrito judicial correspondiente al lugar donde alegadamente ocurrieron los hechos que se imputan. Art. II, Sec. 11 Carta de Derechos, Constitución del Estado Libre Asociado; *Pueblo v. Sánchez Pérez,* 122 D.P.R. 606, 609 (1988).

El ordenamiento procesal criminal establece los requisitos de elegibilidad para quienes se desempeñen como jurados. Dispone, entre otros requisitos, que la persona debe haber residido en Puerto Rico por un (1) año y en el distrito judicial, noventa (90) días antes de inscribir su nombre en la lista de jurados y éstos se seleccionan mediante un procedimiento de sorteo. Regla 96 y 104 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

El derecho a juicio por jurado exige que los miembros de un jurado sean seleccionados de un grupo de personas representativo de la comunidad, del cual no se haya excluido *a priori* a ningún grupo social. Un acusado, no tiene derecho a una particular composición del jurado seleccionado para juzgarlo; sólo a que el grupo de personas del cual dicho jurado fue seleccionado, sea representativo de la comunidad en la medida en que no haya excluido de manera sistemática determinados grupos.

*Pueblo v. Labo,* 110 D.P.R. 164, 167 (1980*); Taylor v. Lousiana,* 419 U.S. 522, 538 (1975).

Se ha reconocido que una mera alegación de irregularidad y de ausencia de representatividad del jurado no es suficiente para interrumpir el funcionamiento ordinario del tribunal que de lugar a una investigación en el proceso de selección del jurado. El acusado debe establecer un caso de exclusión sistemática de un grupo distintivo para probar la ausencia de representatividad del jurado y no meras generalizaciones sin prueba específica. *Pueblo v. Labo, supra,* págs. 167-168.

En el caso ante nuestra consideración, el peticionario no ha especificado cuáles son las circunstancias por las cuales entiende que el jurado que participa en su caso no es representativo. La selección de sus miembros se realizó conforme a derecho y cumpliendo con las disposiciones reglamentarias.

Todos los miembros pertenecen al distrito judicial donde se cometieron los hechos imputados. Según, la propia parte peticionaria señala, de los 84 ciudadanos, 3 son de Loíza, 26 de Río Grande, 31 de Carolina, 10 de Canóvanas y 14 de Trujillo Alto, todos ellos, de los municipios del distrito judicial de Carolina. Del universo de personas del cual se seleccionó el jurado que participa en el caso, no se excluyó sistemáticamente a ningún grupo en particular.

Ante tales circunstancias, concluimos que el procedimiento de selección de jurado cumplió con los requisitos que nuestro ordenamiento exige.

IV

**IV**

Por los anteriores fundamentos, se deniegan tanto la petición de *certiorari* como la moción en auxilio de jurisdicción.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General