EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO FELICIANO CARABALLO, acusado y apelante.

Núm. 11958.—*Sometido:* Abril 1, 1947. *Resuelto:* Abril 23, 1947.

*Enrique Báez García,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández,* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El apelante fué acusado de un delito de asesinato en primer grado. El día de la vista, al terminar la lectura de la acusación, el Fiscal, a petición de la defensa, rebajó la calificación del delito a la de asesinato en segundo grado. El acusado retiró entonces su anterior alegación de inocencia y se declaró culpable de asesinato en segundo grado.

El 31 de mayo de 1946, día señalado para dictar la sentencia, el acusado radicó una moción solicitando se suspendiera la sentencia de acuerdo con lo dispuesto por la Ley núm. 259 de 3 de abril de 1946, sobre sentencias probatorias. Se opuso el Fiscal y la corte pidió a éste que le entregase el expediente del caso "a los fines de determinar sobre la elegibilidad del acusado a los beneficios de la Ley 259." A solicitud de la defensa la corte oyó entonces la declaración del acusado "a los fines de compararla con las declaraciones del expediente de Fiscalía," posponiendo para el 4 de junio de 1946 el pronunciamiento de la sentencia. En la indicada fecha la corte inferior declaró sin lugar la moción sobre suspensión de sentencia y condenó al acusado a la pena de doce años de presidio.

El apelante alega como único fundamento de su recurso que la corte inferior erró al negarle los beneficios de la ley sobre sentencias probatorias, "siguiendo un procedimiento que no está autorizado por dicha ley."

 El artículo 2 de la citada Ley núm. 259 dispone que el efecto de la sentencia que se imponga por cualquier delito grave, con excepción del asesinato en primer grado, deberá ser suspendido y el sentenciado puesto a prueba, siempre que concurran los siguientes requisitos:

"(a) que el acusado no haya sido convicto, sentenciado y recluído en prisión por delito alguno con anterioridad a la comisión del delito por el cual está siendo procesado;

"(b) que el delito cometido no evidencie aquel grado de deformación moral que hace indispensable que, para poder intentar su reforma, se recluya al delincuente en un establecimiento penal.

"(c) que la corte sentenciadora tenga ante sí un informe que le haya sido rendido por un Oficial Probatorio . . . después de dicho Oficial Probatorio haber practicado una investigación minuciosa de las circunstancias del delito cometido, los antecedentes de familia e historia social del acusado, y que tal investigación revele que dicho acusado siempre fué un ciudadano respetuoso y cumplidor de la ley: . . ."

La ley que estamos examinando no establece procedimiento alguno al cual deba ajustarse el juez sentenciador para determinar si la suspensión de la sentencia solicitada por el reo, es o no procedente. Teniendo en cuenta las claras disposiciones del artículo 2, supra, nos parece lógico que al serle presentada una solicitud para la imposición de una sentencia probatoria, lo primero que debe hacer el juez sentenciador es cerciorarse de si el acusado ha sido anteriormente convicto y sentenciado por la comisión de otro delito, pues si lo hubiere sido, dicho juez carecerá de facultad para concederle el beneficio de la ley. Si de la investigación practicada resultare que el acusado no tiene antecedentes penales, el próximo paso que deberá dar el juez es el de examinar los hechos y circunstancias bajo los cuales se cometió el delito, para determinar si la deformación moral del acusado es de tal naturaleza que haga necesaria su reclusión en una institución penal. Si de la investigación resultare que el acusado carece de antecedentes penales y que su reclusión

en un penal no es necesaria, entonces y solamente entonces sería necesario el informe de un oficial probatorio sobre los antecedentes de familia e historia social del acusado.

██ En el caso de autos, no habiéndose celebrado un juicio, el juez hizo lo único que le era posible hacer para enterarse de los hechos y circunstancias del delito cometido y del cual se había declarado culpable el acusado, o sea examinar las declaraciones tomadas por el fiscal a sus testigos y dar como le dió al acusado una oportunidad de presentar a la corte una explicación de lo ocurrido. Examinado el expediente del fiscal y oída la declaración del acusado, la corte inferior, en el ejercicio de la discreción que le concede el apartado (b) del artículo 2, supra, declaró "no haber lugar a la moción del acusado solicitando los beneficios de la Ley núm. 259." Esa resolución tiene a su favor la presunción de ser justa y correcta. Debemos presumir que la denegación de la moción se basó en evidencia tendiente a demostrar la previa convicción del acusado o que las circunstancias en que se cometió el delito hacían indispensable la reclusión del acusado. Y en uno u otro caso el informe del oficial probatorio era innecesario.

*No habiéndonos puesto el apelante en condiciones de que podamos determinar si la corte inferior abusó de su discreción, la sentencia recurrida debe ser confirmada.*