Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-013)[1]

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br><br>MELVIN CAMILO MATHEWS MEDINA<br><br>Peticionario | KLCE202401315 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D LE2024G0015<br>D LE2024G0016<br>D LE2024G0017<br>D LE2024G0116<br>D LE2024G0117<br>D LE2023M0091<br>D LE2023M0092<br><br>Sobre:<br>INFR. ART. 4.02 LEY 22<br>INFR. ART. 5.07.B LEY 22<br>INFR. ART. 5.07.C LEY 22<br>INFR. ART. 7.06 LEY 22<br>INFR. ART. 7.06 LEY 22<br>INFR. ART. 7.01 LEY 22<br>(MG) .02% ALCOHOL<br>INFR. ART. 5.07.A LEY 22 (MG) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Comparece el señor Melvin Camilo Mathews Medina (señor Mathews Medina o peticionario) vía *certiorari* y solicita que revoquemos la *Sentencia Mixta* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 12 de noviembre de 2024. En dicho dictamen, se sentenció al peticionario a quince (15) años en prisión para que este cumpla dos (2) años en una institución penal y trece (13) años

---

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la OATA-2025-013, se modificó la integración del Panel en el recurso de epígrafe.

en libertad a prueba. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari* solicitado.

En síntesis, el caso de epígrafe trata de la condena por infracciones a la *Ley de Vehículo y Tránsito de Puerto Rico*, Ley Núm. 22-2000 (9 LPRA sec. 5001 *et seq.*) contra el señor Mathews Medina. Según el expediente, el 7 de septiembre de 2023, Mathews Medina ocasionó la muerte a la señora Lara Camilla González Ortiz (señora González Ortiz o perjudicada), a la vez que causó grave daño corporal al señor Félix Jhojan Quiñones Rosario (señor Quiñones Rosario o perjudicado), después de lo cual abandonó la escena de los hechos. Luego de varios trámites procesales, el peticionario formuló alegación de culpabilidad por violación de los Artículos 4.02, 5.07(A), 5.07(B), 5.07(C), 7.01 y 7.06 de la Ley Núm. 22-2000 (9 LPRA secs. 5102, 5127, 5201 y 5206).

Según se desprende del Informe Presentencia de 28 de octubre de 2024, el señor Mathews Medina admitió su estado de embriaguez y la velocidad excesiva en que conducía, pero aludió decir que hubiera quedado aturdido como explicación de su marcha del lugar de los hechos. Por su parte, el Informe Presentencia de 8 de noviembre de 2024 relacionó una posible omisión de la perjudicada en ponerse el cinturón de seguridad, que el peticionario trató de despertar al señor Quiñones Rosario y que, según un psiquiatra, sufrió de ansiedad severa, depresión, problemas de sueño y de cierto estado de aturdimiento a consecuencia del accidente. Asimismo, en el Informe Presentencia de 28 de octubre de 2024, el señor Mathews Medina alegó haber comenzado a consumir alcohol aproximadamente a los dieciocho (18) años, pero que nunca tomó dicha bebida alcohólica en altas cantidades

o de tal manera que cambiara su comportamiento o salud física y mental.

De su parte, el Departamento de Transportación y Obras Públicas (DTOP) informó que el señor Mathews Medina posee siete (7) multas administrativas y/o violaciones a la Ley Núm. 22-2000 por (1) rebasar una luz roja sin detenerse en dos ocasiones, (2) ordenanza municipal, (3) excederse en velocidad, (4) cambiarse indebidamente de carril, (5) no guardar distancia entre vehículos y (6) poseer un sistema amortiguador de sonido. Sin embargo, el peticionario carece de alguna convicción pasada por conducir un vehículo de motor en estado de embriaguez. Ambos informes indican que el señor Mathews Medina mantiene una excelente relación con sus padres y hermanos menores, con quienes reside.

Por otra parte, los dos informes preparados recomiendan que el señor Mathews Medina (1) sea referido al Programa Servicios Especializados para Vías Libres de Alcohol y Sustancias (SEVAS) de la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA), así como al Programa del Panel de Impacto a Víctimas para Conductores Ebrios, (2) que complete sus estudios y muestre evidencia de los mismos, (3) que sea sometido a supervisión electrónica en su primer año de sentencia salvo en momentos de tratamiento, estudios y libertad de culto, previa autorización y que (4) tenga suspendida su licencia de conducir. En particular en el Informe Presentencia de 8 de noviembre de 2024, la madre de la perjudicada se opuso a la concesión de la libertad a prueba, mientras que el señor Quiñones Rosario opinó que se le podía dar la oportunidad de cumplir su pena mediante sentencia suspendida.

El día de la sentencia, ambas partes informaron que no tenían ningún reparo con los referidos informes, más el peticionario expresó sus disculpas a su familia y a la familia de la perjudicada. En tales circunstancias, el Tribunal de Primera Instancia sentenció al señor Mathews Medina a cumplir dos (2) años de cárcel y trece (13) años en libertad a prueba, al igual que impuso varias multas. Dicho foro explicó que (1) la *Ley de Sentencia Suspendida en Causas de Delitos Graves y en Ciertos Delitos Menos Graves para Menores de 21 Años*, Ley Núm. 103 de 19 de junio de 1955 (34 LPRA sec. 1042 *et seq.*) permite la posible concesión de una sentencia suspendida a favor de un convicto que cometió delitos cuando era menor de veintiún (21) años; (2) que aun así el Tribunal tiene la discreción para analizar los informes, llegar a sus propias conclusiones y tomar sus determinaciones; (3) que el peticionario es primer ofensor y era menor de edad al momento de los hechos, aparte de que ha solicitado perdón; (4) que el peticionario, sin embargo, tiene un historial de tránsito que denota una falta de respeto a las autoridades en cuanto a las multas y ley de tránsito; y (5) que el señor Mathews Medina denotó un menosprecio craso por el prójimo al abandonar la escena de los hechos.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el foro primario erró al (1) imponer una sentencia mixta a pesar de que el señor Mathews Medina cumple los requisitos estatutarios para la concesión del privilegio de una sentencia suspendida y varios factores de su conducta favorecen adjudicar dicho privilegio; (2) basar su determinación en el criterio errado de que el historial del peticionario denota una falta de respeto a la autoridad y que el abandonar la escena del accidente denota un menosprecio craso por la vida; (3) que el

propósito carcelario de crear consciencia de la seriedad del delito cometido, más la rehabilitación moral y social, pueden lograrse mediante una sentencia suspendida; e (4) ignorar las circunstancias particulares del peticionario y descartar el informe médico sobre el impacto emocional al momento del accidente.

En oposición, el recurrido argumenta que (1) el foro primario tiene la discreción para imponer una pena dentro de los límites legales y que no abusó de esta en su sentencia; (2) el recurso ante nos incumple con los requisitos para su solicitud; y (3) el peticionario incumple con varios requisitos del Artículo 2 de la Ley Núm. 259 de 3 de abril de 1946 (34 LPRA sec. 1027).

Ante este contexto, cabe recordar que toda sentencia dictada en casos de convicción por alegación de culpabilidad podrá ser revisada solamente mediante un recurso de *certiorari*, en el que solo se podrá plantear errores referentes a la suficiencia de la acusación, la jurisdicción del tribunal y cualquier otra irregularidad en el pronunciamiento de la sentencia. *Pueblo v. Santiago Agricourt*, 147 DPR 179 (1998) (citando a la Regla 193 de Procedimiento Criminal de 1963 (34 LPRA Ap. II); *Pueblo v. Pueblo International*, 106 DPR 202 (1997); *Pueblo v. Club Mgmt., Inc.*, 88 DPR 189 (1963)). No obstante, se podrá atacar la validez de la alegación de forma colateral a la sentencia de convicción dictada, particularmente cuando (1) la alegación de culpabilidad se instó mediante coacción; (2) un tribunal incumple su deber de investigar asuntos requeridos por la Constitución o por la ley; o (3) no se emitió la sentencia de manera inteligente, en caso de un ataque colateral. Íd. (citando a O.E. Resumil de Sanfilipo, *Derecho Procesal Penal*, New Hampshire, Ed. Butterworth, 1993, T.

II, pág. 116; C. Whitebread, *Criminal Procedure*, 3.ª ed., Nueva York, Ed. Foundation Press, 1993, págs. 647-650).

A propósito del presente recurso, es conocido que el auto de *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar a su discreción una decisión de un tribunal inferior, sea en los errores de derecho procesal o de derecho sustantivo. *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *Pueblo v. Colón Mendoza*, 149 DPR 630 (1999). La función de un tribunal apelativo frente a la revisión de controversias a través de un *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción, por lo que en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no procede intervenir con las determinaciones del Tribunal de Primera Instancia. *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Zorniak Air. Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). A su vez, las Reglas 193 a 217 de las *Procedimiento Criminal* y la Regla 40 *del Tribunal de Apelaciones* establecen los criterios a tener en cuenta en el ejercicio discrecional de expedir tal auto. Reglas 193-217 de Procedimiento Criminal (34 LPRA sec. 193 *et. seq.*); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-A).

Ahora bien, la discreción judicial faculta al Tribunal de Primera Instancia a escoger entre uno o varios cursos de acción dentro de un marco de razonabilidad y sin hacer abstracción del resto del Derecho. *García v. Asociación*, 165 DPR 311 (2005) (citando a *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990); *Pueblo v. Sánchez González*, 90 DPR 197 (1964)). Para determinar que el juez sentenciador abusó de su

discreción, debe estar presente uno de los siguientes factores: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o (3) el juez sopesa y calibra livianamente los hechos materiales e importantes. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009) (citando a *García v. Padró*, 165 DPR 324 (2005); *Pueblo v. Ortega Santiago*, *supra*).

A la luz de lo anterior, la *Ley de Sentencia Suspendida y Libertad a Prueba* (*Ley de Sentencia Suspendida*) establece el privilegio mediante el cual un convicto puede cumplir su sentencia o parte de esta fuera de las instituciones penales, sujeto a que la Ley no prohíba aplicar el beneficio al delito por la cual fue declarado culpable. Véase Ley Núm. 259 de 3 de abril de 1946 (34 LPRA sec. 1026 *et seq*.); *Pueblo v. Vélez Torres*, 212 DPR 175 (2023) (citando a *Pueblo v. Hernández Villanueva*, 179 DPR 872 (2010); *Pueblo v. Zayas Rodríguez*, 147 DPR 530 (1999); *Pueblo v. Molina Virola*, 141 DPR 713 (1996)). Véase, también, *Ruiz Matos v. Dpto. de Corrección y Rehabilitación*, 213 DPR 291 (2023) (citando a *Pueblo v. Negrón Caldero*, 157 DPR 413 (2022)). De no estar excluido el delito en controversia, la *Ley de Sentencia Suspendida* faculta al foro de primera instancia a ejercer la discreción de suspender la sentencia sujeto a que (1) la persona declarada culpable no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada; (2) la persona convicta no haya demostrado, dentro de las circunstancias en que se cometió el delito, un problema de conducta o

de carácter que, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en una institución penal; (3) el juez sentenciador tenga ante sí un informe presentencia de la cual se pueda concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna institución penal; y (4) en los casos en que se tiene la obligación de pagar una pensión alimentaria, dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido a un plan de pagos y esté cumpliendo con el mismo. Art. 2 de la Ley Núm. 259 de 3 de abril de 1946, *supra*. Véase, también, *Pueblo v. Vázquez Carrasquillo*, 174 DPR 40 (2008).

De su parte, la *Ley de Sentencia Suspendida en Causas de Delitos Graves y en Ciertos Delitos Menos Graves para Menores de 21 Años* autoriza al foro primario conceder, a su discreción, sentencias suspendidas en todo caso de delito grave y menos grave si el convicto fuere menor de veintiún (21) años de edad a la fecha de la comisión del delito, excepto en casos que involucre (1) asesinato en primer grado; (2) cuando se intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa; (3) por infracción a lo dispuesto en el Artículo 411-A de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971 (24 LPRA sec. 2411a); y (4) delitos menos graves que surjan de hechos envueltos en el delito mayor que involucren las infracciones antes referidas. Sec. 2 de la Ley Núm. 103 de 29 de junio de 1955 (34 LPRA sec. 1042).

En cuanto al informe presentencia, es sabido que las recomendaciones sobre la concesión o no de una sentencia suspendida no obligará al juez sentenciador, aun cuando el historial del convicto carezca de antecedentes penales. *Pueblo v. Ortega Santiago*, *supra*

(citando a *Pueblo v. Martínez Rivera*, 99 DPR 568 (1971); *Pueblo v. Luciano*, 77 DPR 597 (1954)). En casos de alegaciones de culpabilidad, el foro primario podrá examinar el expediente fiscal con el propósito de conocer los hechos que dieron lugar a la radicación de los cargos criminales, para así estar en mejor posición de ejercer su discreción. Íd. (citando a *Pueblo v. Feliciano*, 67 DPR 247 (1947)). La determinación de denegar suspender una sentencia se presumirá justa y correcta. *Pueblo v. Acosta*, 92 DPR 887 (1965) (citando a *Pueblo v. Feliciano Caraballo*, *supra*).

De otro lado, de acontecer una convicción por un delito de negligencia, el tribunal podrá imponer una o cualquier combinación de las siguientes en sustitución de la pena de reclusión: (1) restricción terapéutica; (2) restricción domiciliaria; (3) libertad a prueba; o (4) servicios comunitarios. Art. 64 del Código Penal de 2012, 33 LPRA sec. 5097. Dicha imposición se determinará por el foro primario en consideración de (1) las recomendaciones del informe presentencia; (2) los requisitos de cada tipo de pena; (3) la gravedad del delito y sus consecuencias; (4) la rehabilitación del convicto; y (5) la seguridad de la comunidad. Íd.

Si bien en *Pueblo v. Vega Vélez*, 125 DPR 188 (1990), el Tribunal Supremo impuso un límite de un (1) año al tiempo de reclusión en una sentencia fraccionada o mixta, a la vez condicionó tal limitación a la actuación ulterior de la Asamblea Legislativa, a fin de autorizar expresamente el periodo de reclusión permitido. Ello ocurrió eventualmente mediante la aprobación del Código Penal de 2012, en el cual se faculta a los tribunales a sentenciar fraccionadamente a un convicto a cumplir más de un (1) año de encarcelamiento, sujeto al

criterio del Tribunal que emita la sentencia. Véase, en ese sentido, *Pueblo v. Maldonado Dávila*, KLCE202301405 (16 de mayo de 2024) (Candelaria Rosa, opinión concurrente).

Luego de examinar los argumentos del peticionario en su mejor luz, contrastarlos con el derecho relacionado y valorarlos frente a la calidad de la *Sentencia Mixta* emitida por el foro recurrido en el presente caso, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción al construir la pena fraccionada que elucidó en su *Sentencia Mixta*, o que haya actuado de manera parcial, prejuiciada o incurrido en un error manifiesto. Del expediente se desprende el carácter esencialmente valorativo de la controversia y el peso discrecional que, con respecto a la consideración de la pena, conserva el foro primario. Luego, la labor apelativa en el ámbito de un *certiorari* como el presente está constreñida y limitada a que dicho Tribunal de Primera Instancia no desborde los límites de su discreción, al margen de si el foro apelativo hubiese actuado distinto de estar en el estrado sentenciador.

Es decir, resulta palmario que en este caso el Tribunal de Primera Instancia tuvo toda la información necesaria para valorar la aplicabilidad y extensión del privilegio de la sentencia suspendida, ejerció su discreción al interpretar la misma consideradamente y en contraste con los argumentos de las partes, a la vez que pudo sentenciar al peticionario según sus conclusiones ponderadas. Nada en el expediente ante nuestra consideración manifiesta un desvarío en la apreciación que hizo dicho Tribunal de los datos circundantes a los informes presentencia o del derecho involucrado en la configuración de

la pena que este emitió, al punto que requiera que expidamos el auto solicitado.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones