Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Luis Lallave Aquino<br><br>Peticionario | KLCE202500639 | ***CERTIORARI***<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Aguadilla<br><br>Civil Núm.:<br>A LE2024G0265-0267<br><br>Sobre: Art. 3.1 Ley 54 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece el señor Luis Lallave Aquino (en lo sucesivo, Sr. Lallave Aquino o peticionario) y nos solicita que revoquemos varias sentencias emitidas y notificadas el 22 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI o Foro Primario). En los referidos dictámenes, el Foro Primario rechazó la recomendación del informe presentencia al igual que la alegación preacordada, en consecuencia, concluyó que el peticionario no podía beneficiarse del privilegio de desvío por lo que debía cumplir una pena de cárcel de 18 meses.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari*, y confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 16 de octubre de 2024, se presentaron tres denuncias contra el Sr. Lallave Aquino por infringir el Art. 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, titulada "Ley para

la Prevención e Intervención con la Violencia Doméstica" (Ley Núm. 54).[1] Tras la celebración de una vista para la determinación de causa probable al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, el tribunal determinó causa probable para arresto por los delitos imputados.

El próximo 13 de noviembre de 2024, se llevó a cabo la celebración de la Vista Preliminar al amparo de la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 32.  En la referida audiencia, el Foro Primario encontró causa probable para enjuiciar al peticionario por los delitos previamente imputados.  Asimismo, se programó la lectura de acusación para el 25 de noviembre de 2024 y la celebración del juicio en su fondo para el 19 de diciembre de 2024.

Llegada la fecha del juicio, el peticionario presentó tres mociones, a saber, "Renuncia al Derecho a Juicio por Jurado", "Moción Sobre Alegación Pre-Acordada" y "Alegación de Culpabilidad". En la moción sobre alegación preacordada se notificó al Foro Primario que las partes acordaron reclasificar los cargos imputados a la modalidad de tentativa con el propósito de referir al Sr. Lallave Aquino al programa de desvío que provee el Art. 3.6 de la Ley Núm. 54, *infra.*

En consecuencia, el TPI aceptó la alegación de culpabilidad y señaló vista para dictar sentencia, donde se estaría evaluando si el peticionario cumplía con los requisitos para ser otorgado el beneficio de desvío.  El 6 de marzo de 2025 se celebró la vista para dictar sentencia, empero, ésta se limitó a discutir el informe presentencia. El TPI manifestó que le fue entregado el referido informe, en el cual se recomendó el desvío para el Sr. Lallave Aquino. Ante ello, el Ministerio Público presentó reparo a la concesión del privilegio, ya que el peticionario no reconoció la

---

[1] 8 LPRA sec. 632.

culpabilidad de los hechos.  La defensa objetó, argumentando que al registrar una alegación de culpabilidad una persona obligatoriamente acepta su responsabilidad en la comisión del delito. Añadió que, la alegada falta de aceptación fue una interpretación que hizo el oficial probatorio a preguntas que le realizó al Sr. Lallave Aquino, interrogantes que resultan incompatibles con sus facultades.

Escuchados los argumentos, el Foro Primario señaló una vista posterior para dictar sentencia. Ese mismo día, y mediando solicitud del peticionario, el TPI autorizó que se entregara a la parte copia del informe presentencia, aunque no autorizó la entrega de la sección titulada "Informe Confidencial", sino que solamente permitió su evaluación, por tratarse de información prestada por la víctima.

Finalmente se celebró la vista de sentencia el 22 de abril de 2025.  Según surge de la "Minuta",[2] y de su regrabación, en dicha vista el Tribunal dictó sentencia bajo dos fundamentos. Primeramente, no acogió la recomendación del informe presentencia.  El Foro sentenciador quedó convencido de que el peticionario no debe ser otorgado el beneficio del desvío, ya que se reflejó que tenía problemas en sus relaciones interpersonales, que era conocido en su comunidad como una persona jaquetona y explosiva, y que poseía un patrón de agresividad en el hogar.  El TPI hizo constar que se le entregó un "Informe Complementario" en el cual se recomendó no otorgar el beneficio del programa de desvío al Sr. Lallave Aquino. Añadió el TPI que, aunque el informe recomendaba el desvío, éste no lo obligaba pues la concesión es una decisión que descansa enteramente sobre el foro sentenciador.

Por otra parte, el TPI entendió que el peticionario incumplió con los requisitos del Art. 3.6 de la Ley Núm. 24, *supra,*

---

[2] Pág. 24 del anejo del recurso de *Certiorari.*

específicamente el inciso (d) sobre la aceptación de los hechos, pues el peticionario no sometió la declaración aceptando la comisión de los delitos conforme el precitado inciso. El TPI citó el caso de este Tribunal de Apelaciones, *Pueblo v. Collazo Rentas*, identificado con el alfanumérico KLCE061007, donde esta Curia concluyó que: "la alegación de culpabilidad por los delitos imputados no puede entenderse como la declaración de culpa requerida por el inciso (d) del Art. 3.6, *supra*".

Insatisfecho, presentó una "Moción de Reconsideración de Sentencias" la cual fue declarada sin lugar el 12 de mayo de 2025 mediante "Orden" notificada al próximo día. Inconforme aun, recurre ante este Tribunal de Apelaciones y señala la comisión del siguiente error:

> *Erró el Tribunal de Primera Instancia al no conceder el Programa de Desvío dispuesto en el Art. 3.6 de la ley 54 o la Libertad a Prueba recomendada por la Técnico Sociopenal cuando el peticionario cumple con los requisitos dispuestos para el disfrute de éstos en claro abuso de discreción y la violación al debido proceso de Ley.*

Mediante una segunda "Resolución" emitida el 12 de junio de 2025, esta Curia otorgó un término, a vencer el 23 de junio de 2025, a la Oficina del Procurador General (en lo sucesivo, Procurador General o recurrido) para que presentara su alegato en oposición. Según ordenado, la parte recurrida compareció el 23 de junio de 2025. Con el beneficio de ambos escritos, procedemos a resolver.

## II.

### A.

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Nuestro Alto Foro ha expresado que, el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un Tribunal de mayor

jerarquía revisar las determinaciones de un Tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023).

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

La Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.*, mejor conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica", según enmendada, se promulgó con el fin de prevenir la violencia doméstica, y proteger a las víctimas de tan reprochable conducta. Para lograr este fin, el Art. 3.1 de la Ley

Núm. 54, 8 LPRA Sec. 631, tipifica el maltrato de la siguiente forma:

> *Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, para causarle daño físico a su persona, a los bienes apreciados por ésta, excepto aquéllos que pertenecen privativamente al ofensor, o a la persona de otro o para causarle grave daño emocional, incurrirá en delito grave de cuarto grado en su mitad superior.*
>
> *El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.*

De otra parte, la Ley Núm. 54, *supra*, contiene mecanismos para rehabilitar aquellas personas que incurren en cualquier tipo de violencia doméstica. A esos efectos, el Art. 3.6 de la Ley Núm. 54, 8 LPRA sec. 636, dispone que:

> *Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en esta Ley, el Tribunal podrá motu proprio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja, según definida por el inciso (m) del Artículo 1.3 de esta Ley. Antes de hacer cualquier determinación al respecto, el Tribunal deberá escuchar al Ministerio Fiscal.*

No obstante, la concesión del referido beneficio está condicionada al cumplimiento de las siguientes circunstancias:

> *(a) Se trate de una persona que no haya sido convicta, y recluida en prisión producto de una sentencia final y firme o se encuentre disfrutando del beneficio de un programa de desvío bajo esta Ley o de sentencia suspendida, por la comisión de los delitos establecidos en esta Ley o delitos similares establecidos en las Leyes del Estado Libre Asociado de Puerto Rico o Estados Unidos contra la persona de su cónyuge, ex cónyuge, persona con quien cohabita o ha cohabitado, persona con quien sostiene o ha sostenido una relación consensual o persona con quien haya procreado un hijo o una hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus*

*migratorio de cualquiera de las personas involucradas en la relación.*

*(b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de esta ley o de cualquier disposición legal similar.*

*(c) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia, organismo, institución pública o privada a que se referirá el acusado.*

*(d) Como parte del convenio y de la participación en el programa de reeducación, la persona presente una declaración aceptando por la comisión del delito imputado y reconociendo su conducta.*
*Id.*

El articulado además establece que en el análisis de otorgar o denegar el beneficio:

*El Tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio e impondrá los términos y condiciones que estime razonables y el período de duración de la libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que prestará los servicios, cuyo término nunca será menor de un (1) año ni mayor de tres (3).*
*Id.*

Nuestro Tribunal Supremo expresó en *Pueblo v. Rodríguez Velázquez,* 152 DPR 192, 200 (2000) que el programa de desvío de la Ley Núm. 54 es uno *sui generis* con particularidades intrínsecas al problema atendido por dicha ley. Añadió la alta curia que es un programa de libertad a prueba análogo a la sentencia suspendida, al igual que al desvío que provee el Art. 404 de la *Ley de Sustancias Controladas de Puerto Rico,* 24 LPRA sec. 2404, y al sobreseimiento y exoneración de acusaciones de la Regla 247.1 de Procedimiento Criminal, 34 LPRA Ap. II., R. 247.1. *Id.*[3]

### C.

Previo a dictar sentencia en un caso de delito grave, el tribunal deberá tener ante sí un informe presentencia elaborado con los resultados de una investigación minuciosa sobre los

---

[3] El foro, asimismo destacó que la concesión del privilegio de sentencia suspendida descansa en la sana discreción del tribunal. *Pueblo v. Rodríguez Velázquez, supra,* a la pág. 201.

antecedentes de familia e historial social de la persona condenada, al igual que el efecto que pudo haber causado a la víctima. 34 LPRA Ap. II, R. 162.1(a).

**Sin embargo, este informe no es indispensable, ni obliga al foro sentenciador**. *Pueblo v. Martínez Rivera,* 99 DPR 568, 575 (1971), citando a *Pueblo v. Emmanuelli,* 67 DPR 667 (1947) y *Pueblo v. Arce Valentín,* 88 DPR 869 (1963) (énfasis nuestro). Lo anterior, debido a que es el tribunal quien, en última instancia, posee la autoridad inherente de imposición de penas.

**D.**

Como es sabido, la discreción judicial es uno de los pilares que gobiernan nuestro ordenamiento jurídico. Dicha "[d]iscreción, naturalmente, significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1900).

Dentro del ámbito de su discreción se encuentra la determinación del foro sentenciador de acoger o rechazar las condiciones que se incluyen en las alegaciones preacordadas. A tenor, nuestro más alto foro expresó en *Pueblo v. Dávila Delgado,* 143 DPR 157, 171 (1997), que:

> **El tribunal de instancia**, aun cuando acepte, en principio, la alegación pre-acordada, ***no* está obligado a seguir las recomendaciones que le hagan las partes sobre una sentencia específica a imponerse al imputado de delito**. Esto es, el tribunal tiene *discreción* para imponer la sentencia que entienda procedente en derecho. (énfasis nuestro).

Asimismo, la decisión de conceder o no beneficios de libertad a prueba como lo es una sentencia suspendida, o en este caso un desvío, descansa en la sana discreción del tribunal sentenciador y le cobija la presunción de ser una justa y correcta, *Pueblo v. Feliciano,* 67 DPR 247 (1947); *Pueblo v. Pérez Bernard,* 99 DPR 834 (1971).

**III.**

En su escrito, el peticionario argumenta, en síntesis, que el TPI abusó de su discreción al denegar el desvío y ordenar el cumplimiento de la sentencia en una institución penal toda vez que el peticionario realizó una alegación de culpabilidad y aceptó ser un agresor doméstico en corte abierta, por tanto, cumplió con los requisitos que exige la ley.

Según examinamos en el anterior acápite, el informe presentencia no es indispensable para que el foro sentenciador emita una sentencia, y, aun mas pertinente a los hechos que nos ocupan, la recomendación contenida en él no obliga al foro al momento de imponer una sentencia.

Al igual que ocurre con el informe presentencia, las recomendaciones sobre sentencias específicas que se hayan pactado en una alegación preacordada entre el Ministerio Público y la defensa tampoco obliga al foro sentenciador.

En consecuencia, concluimos que el TPI no abusó de su discreción al determinar que el Sr. Lallave Aquino no podía beneficiarse del desvío que provee la Ley Núm. 54, *supra.* Según pudimos percibir del raciocinio del foro, éste sopesó los hallazgos del informe con el propio testimonio del peticionario, y concluyó que este no podía beneficiarse el privilegio de un desvío. Dicho proceder no nos resulta prejuiciado ni parcializado. Recordemos que tales determinaciones son cobijadas por una presunción de corrección.

**VI.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, expedimos el auto de *Certiorari* solicitado a los fines de confirmar las Sentencias emitida el 22 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones