Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>JIMMY STUART ÁVILA<br><br>Parte Peticionaria | TA2026CE00039 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.<br>L LE2025G0042<br><br>Sobre:<br>Art. 3.1 Ley 54 |
|---|---|---|

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece el señor Jimmy Stuart Ávila (Sr. Stuart o peticionario) y solicita que revoquemos la *Sentencia* emitida el 20 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Utuado. En ésta, el TPI declaró al peticionario culpable por confesión de infringir el Art. 3.1 de la Ley Núm. 54, *infra*, aceptó la recomendación del informe presentencia y, en consecuencia, concluyó que el Sr. Stuart no podía beneficiarse del privilegio de desvío. Por tanto, lo condenó a cumplir una pena de cárcel de 36 meses.

Evaluado el recurso y el estado de derecho aplicable a la controversia, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido.

**I.**

El 1 de julio de 2025, se llevó a cabo la vista preliminar en la que el TPI determinó causa probable para acusar al Sr. Stuart por infringir el Art. 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como *Ley para la prevención e intervención con*

*la violencia doméstica* (Ley Núm. 54).[1] La correspondiente acusación se presentó el 8 de julio de 2025.[2]

Llegada la fecha del juicio, 19 de agosto de 2025, las partes presentaron una moción sobre alegación preacordada, mediante la cual anunciaron al tribunal que el Sr. Stuart haría alegación de culpabilidad por el delito imputado, con el propósito de ser referido a evaluación para el programa de desvío que provee el Art. 3.6 de la Ley Núm. 54, *infra.* Por eso, el TPI dio por leída la acusación, aceptó la alegación de culpabilidad, refirió el asunto para la preparación del informe presentencia y señaló fecha para dictar sentencia.[3]

El informe presentencia de 23 de octubre de 2025, no recomendó al Sr. Stuart para la concesión del privilegio de desvío dispuesto en el Art. 3.6 de la Ley Núm. 54. Ello, debido a que el peticionario no aceptó la comisión del delito y manifestaba que todo estaba en su contra porque la perjudicada tiene conexiones en el tribunal y fiscalía de Utuado. El informe añadió que el Sr. Stuart presentaba una deuda por concepto de pensión alimentaria ante la Administración para el Sustento de Menores (ASUME).[4]

En la vista para dictar sentencia, el Sr. Stuart manifestó no estar conforme con el informe presentencia. Ante ello, el TPI señaló una vista de impugnación del referido informe.[5]

Celebrada la vista para la impugnación del informe presentencia, y luego de escuchar las argumentaciones de las partes, mediante *Sentencia* emitida el 20 de noviembre de 2025, el TPI declaró *no ha lugar* a la impugnación del informe, declaró al Sr. Stuart culpable por confesión de haber transgredido el Art. 3.1 de la Ley Núm. 54 y lo condenó a una pena de 36 meses de cárcel.[6]

---

[1] Petición de *Certiorari*, pág. 4. SUMAC-TA, Entrada 1.
[2] *Acusación*, *Íd.,* Apéndice 3 y Anejos 5 y 8.
[3] *Minuta* de la vista de 19 de agosto de 2025. *Íd.,* Anejo 3.
[4] *Informe presentencia. Íd.,* Anejo 14.
[5] *Minuta* de la vista de 3 de noviembre de 2025. *Íd.,* Anejo 6.
[6] *Sentencia, Íd.,* Apéndice 2 y Anejo 2; *Minuta* de la vista de 20 de noviembre de 2025, *Íd.,* Anejo 20.

Inconforme con la pena impuesta, el Sr. Stuart incoó una solicitud de reconsideración.[7] Adujo que la alegación de culpabilidad precisamente implicaba haber aceptado la comisión del delito imputado. Además, acompañó la certificación de saldo de la deuda de pensión alimentaria en ASUME. Por tanto, el peticionario adujo que era merecedor del beneficio de desvío establecido en el Art. 3.6 de la Ley Núm. 54.

En oposición, el Ministerio Público arguyó que la denegatoria del privilegio estuvo fundamentada en la evidencia desfilada en la vista de impugnación y en el incumplimiento del Sr. Stuart con los requisitos del Art. 3.6 de la Ley Núm. 54. Al respecto, planteó que una alegación de culpabilidad por el delito imputado no equivale a la aceptación de la culpa requerida por el referido Art. 3.6 y que, conforme surgía del informe presentencia, el Sr. Stuart expresamente había negado la comisión del delito.[8]

Evaluados los escritos, el TPI denegó la solicitud de reconsideración del Sr. Stuart mediante *orden* emitida y notificada el 11 de diciembre de 2025.[9]

Insatisfecho aún, el 12 de enero de 2025, el Sr. Stuart instó el presente recurso de *certiorari* en el que apuntó los siguientes señalamientos de error:

> Erró el Honorable Tribunal recurrido al determinar que el peticionario no aceptó legalmente su responsabilidad sobre los hechos por los que hizo alegación de culpabilidad usando tal determinación para denegarle los beneficios de un programa de desvío bajo el artículo 3.6 de la Ley 54-1988 a pesar de tener ante sí un informe positivo para ello.

---

[7] *Moción informativa en Solicitud de Reconsideración y Modificación de Sentencia. Íd.,* Anejo 12.

[8] *Réplica por parte del Ministerio Público a Solicitud de Reconsideración y Modificación de Sentencia, Íd.,* Anejo 7.

[9] *Orden, Íd.,* Anejos 3 al 10. El 24 de diciembre de 2025, el Sr. Stuart presentó un escrito titulado *Anuncio de nueva representación legal y Solicitud urgente de reconsideración en cuanto a imposición de Sentencia al Amparo del Artículo 3.6 de la Ley 54-1988 y el debido proceso de ley. Íd.,* Anejo 15. Según relatado en la petición de *certiorari,* mediante orden de 7 de enero de 2026, el TPI expuso: "[n]ada que disponer, atendida reconsideración y resuelta". Petición de *Certiorari*, pág. 4, nota al calce 1, *Íd.*

Erró el Honorable Tribunal recurrido y abusó de su discreción al denegar al peticionario un programa de desvío en las circunstancias particulares de su caso, habiendo hecho alegación de culpabilidad por el delito según imputado, y habiéndosele denegado como alternativa una libertad a prueba, imponiéndole la pena máxima de 36 meses para tal delito, sin considerar como atenuante que es primer ofensor, en violación al artículo 65(b), (c) y (f) del Código Penal, así como la Regla 171(2)(A) y (2)(D).

Erró el Honorable Tribunal recurrido y abusó de su discreción al no reconsiderar su Sentencia de 36 meses de prisión y reiterarse en denegarle un desvío basado en la existencia de una deuda ante la ASUME cuando éste mostró evidencia de su saldo en menos de 24 horas de su ingreso en prisión, lo que constituyó, además, un acto discriminatorio considerando que es práctica común en Puerto Rico dar oportunidad a obtener planes de pago en circunstancias equivalentes para permitir que agresores de violencia doméstica se reeduquen bajo el Artículo 3.6 de la Ley 54-1988, considerando que el Informe Pre Sentencia reflejó sus precariedades económicas y esfuerzos para generar ingresos.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[10]

Para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[11], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[10] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[11] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

La Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.*, conocida como *Ley para la prevención e intervención con la violencia doméstica,* según enmendada, se promulgó con el fin de prevenir la violencia doméstica, y proteger a las víctimas de tan reprochable conducta. Para lograr este fin, el Art. 3.1 de la Ley Núm. 54, 8 LPRA Sec. 631, tipifica el maltrato de la siguiente forma:

> Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, para causarle daño físico a su persona, al animal de compañía o mascota de la víctima, de los hijos o del victimario, a los bienes apreciados por esta, excepto aquéllos que pertenecen privativamente al ofensor, o a la persona de otro o para causarle grave daño emocional, incurrirá en delito grave de cuarto grado en su mitad superior. No será necesaria la prueba de un patrón de conducta para que se constituya el delito de maltrato. El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.
>
> La violencia psicológica también ocurrirá cuando se utilice cualquier tipo de comunicación electrónica o digital, mediante mensajes de texto, correo de voz, correos electrónicos, o redes sociales, o cualquier otro medio digital, incluyendo sistemas de rastreo satelital, que tenga el efecto de acosar, perseguir, intimidar, o afligir a una persona con quien se sostiene o se haya sostenido una relación de pareja, o la persona con quien cohabita o haya cohabitado. Para que se constituya la violencia psicológica mediante violencia digital o cibernética, no será necesario la prueba de un patrón de conducta.

No obstante, a través del programa de desvío dispuesto en el Art. 3.6 de la Ley Núm. 54, 8 LPRA sec. 636, la persona acusada

puede ser sometida a libertad a prueba, sujeto a las siguientes circunstancias:

> (a) Se trate de una persona que no haya sido convicta, y recluida en prisión producto de una sentencia final y firme o se encuentre disfrutando del beneficio de un programa de desvío bajo este capítulo o de sentencia suspendida, por la comisión de los delitos establecidos en este capítulo o delitos similares establecidos en las Leyes del Estado Libre Asociado de Puerto Rico o Estados Unidos contra la persona de su cónyuge, ex cónyuge, persona con quien cohabita o ha cohabitado, persona con quien sostiene o ha sostenido una relación consensual o persona con quien haya procreado un hijo o una hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación.

> (b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de este capítulo o de cualquier disposición legal similar.

> (c) Se trate de una persona que no haya sido convicta por violación a la Sec. 632a de este título, incluyendo su tentativa.

> (d) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia, organismo, institución pública o privada a que se referirá el acusado.

> (e) **Como parte del convenio y de la participación en el programa de reeducación, la persona presente una declaración aceptando por la comisión del delito imputado y reconociendo su conducta**.

> El Tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio e impondrá los términos y condiciones que estime razonables y el período de duración de la libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que prestará los servicios, cuyo término nunca será menor de un (1) año ni mayor de tres (3).[12]

La intención de la Asamblea Legislativa al crear el Art. 3.6 de la Ley Núm. 54 fue elaborar un programa de desvío *sui generis* con sus particularidades intrínsecas al problema atendido por dicha ley; un programa de libertad a prueba análogo a la sentencia suspendida.[13]

---

[12] Art. 3.6 de la Ley Núm. 54, 8 LPRA sec. 636. (Énfasis suplido).
[13] *Pueblo v. Rodríguez Velázquez,* 152 DPR 192, 200 (2000).

La concesión del beneficio de sentencia suspendida es **discrecional**, su disfrute es un privilegio no un derecho. Por ello, su concesión a un convicto que cualifica *prima facie* descansa en la sana discreción del tribunal.[14]

## C.

Respecto a la alegación preacordada, en *Pueblo v. Dávila Delgado*[15], el Tribunal Supremo dispuso que:

> ... [L]a Regla 72 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, *específicamente* le concede al tribunal de instancia *discreción* para aprobar, o no, la alegación preacordada a la que hayan llegado el Ministerio Público y la representación legal del imputado de delito. Asimismo, el tribunal de instancia, aun cuando acepte, en principio, la alegación preacordada, *no* está obligado a seguir las recomendaciones que le hagan las partes sobre una sentencia específica a imponerse al imputado de delito. Esto es, el tribunal tiene ***discreción*** para imponer la sentencia que entienda procedente en derecho.[16]

Por su parte, en cuanto al informe presentencia, las recomendaciones sobre la concesión o no de una sentencia suspendida no obligan al juez sentenciador, aun cuando la persona no tenga antecedentes penales.[17] Asimismo, la determinación de denegar la suspensión de una sentencia se presumirá justa y correcta.[18]

Por último, resaltamos que los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el fin de sustituir su criterio por el nuestro. Sin embargo, esta deferencia cede cuando el TPI actúa con prejuicio, parcialidad, incurre en craso abuso de discreción o en error manifiesto.[19]

---

[14] *Pueblo v. Zayas Rodríguez*, 147 DPR 530, 536 (1999).

[15] 143 DPR 157 (1997).

[16] *Íd.*, pág. 171. (Cursivas en el original, negrillas suplidas).

[17] *Pueblo v. Ortega Santiago*, 125 DPR 203, 210 (1990), citando a *Pueblo v. Martínez Rivera*, 99 DPR 568, 575 (1971); *Pueblo v. Luciano*, 77 DPR 597, 601 (1954).

[18] *Pueblo v. Acosta*, 92 DPR 887, 894 (1965), citando a *Pueblo v. Feliciano*, 67 DPR 247, 250 (1947).

[19] *Citibank et al v. ACBI et al*, 200 DPR 724, 735-736 (2018). En cuanto a las guías existentes para determinar cuándo un tribunal

**III.**

En su escrito, el Sr. Stuart argumenta, en síntesis, que el TPI abusó de su discreción al denegar el desvío y ordenar el cumplimiento en cárcel de la pena máxima dispuesta para el delito. Entiende que este Tribunal debe modificar la sentencia recurrida y dejar sin efecto la pena de reclusión impuesta para concederle el privilegio del desvío por las siguientes razones: (1) es primer ofensor, factor atenuante al momento de la individualización de la pena; (2) su alegación de culpabilidad implicó la aceptación de haber cometido el delito, lo que cumple con el requisito de aceptación de culpa que exige en Art. 3.6 de la Ley Núm. 54; y (3) saldó la deuda por pensión alimentaria ante la ASUME.

Según esbozado, el inciso (e) del Art. 3.6 de la Ley Núm. 54 específicamente requiere que la persona acusada acepte la comisión del delito imputado y reconozca su conducta. A su vez, el TPI tiene amplia discreción para conceder este privilegio y la determinación que haga al respecto está cobijada por una presunción de corrección.[20]

Luego de examinar el expediente de autos, incluido el informe presentencia, nos percatamos que, a pesar de que el peticionario hizo alegación de culpabilidad por el delito de infracción al Art. 3.1 de la Ley Núm. 54, no tiene antecedentes penales, los hallazgos del investigador fueron positivos en la comunidad y saldó la deuda de

---

sentenciador ha incurrido en un abuso de discreción, la norma es que:

… un tribunal de justicia incurre en un abuso de discreción, *inter alia*: cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), citando *García v. Padró*, 165 DPR 324, 336 (2005); *Pueblo v. Ortega Santiago*, supra, págs. 211–212.

[20] Por otro lado, las recomendaciones sobre sentencias específicas pactadas en una alegación preacordada entre el Ministerio Público y la defensa no obliga al foro sentenciador.

pensión alimentaria ante la ASUME, lo cierto es que el técnico socio penal consignó en el informe presentencia que en la entrevista realizada al Sr. Stuart, éste no aceptó la comisión del delito por el cual registró la alegación. Según vimos, hacer el reconocimiento de responsabilidad del delito y la conducta imputada es un requisito legal para acogerse al programa de desvío de la Ley Núm. 54.

Al no haber cumplido con los requisitos exigidos en el Art. 3.6 de la Ley Núm. 54, el Sr. Stuart no cualificaba para el desvío del procedimiento concedido por el estatuto. Ante ello, concluimos que el TPI no abusó de su discreción, ni cometió error de derecho alguno, al denegar el privilegio desvío que provee la citada ley e imponerle al Sr. Stuart una pena de reclusión de 36 meses. La condena de 36 meses de cárcel por infringir el Art. 3.1 de la Ley Núm. 54, se encuentra dentro de los parámetros dispuestos por el Artículo 307(e) (delito grave de cuarto grado) del Código Penal de 2012, según enmendado, 33 LPRA sec. 5415.

En conclusión, los planteamientos del peticionario resultan improcedentes.

**IV.**

A la luz de lo antes expuesto, expedimos el auto de *certiorari* y confirmamos la sentencia recurrida.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones